UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No: 08-20381-CIV-Seitz/O'Sullivan

GOLDEN DAWN CORPORATION,
and MARKWOOD INVESTMENTS
LIMITED,

    Plaintiffs.

v.

FABRIZIO DULCETTI NEVES, and
ACOSTA REALTY HOLDINGS LLC,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COUNT I OF THE AMENDED COMPLAINT

Defendants Fabrizio Dulcetti Neves ("Neves") and Acosta Realty Holdings LLC ("Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss Count I of the Amended Complaint ("Complaint") dated December 2, 2008 [DE-40], as follows.

### PRELIMINARY STATEMENT

This is an action for breach of three promissory notes. By Count I, plaintiff Golden Dawn Corporation ("GDC") sues defendants Fabrizio Neves ("Neves") and Acosta Realty Holdings LLC ("Acosta") for breach of a promissory note in the principal amount of $4,430,000.00. GDC attached to its Complaint a later executed promissory note by the same parties that "consolidate[d], cancel[ed], replace[d] and supercede[d] all

previous Notes between the undersigned parties…" Consequently, the earlier promissory note is unenforceable and Count I fails to state a claim upon which relief may be granted.

## **FACTS**[1]

GDC alleges that it is the holder and owner of two promissory notes (collectively, the Notes") executed by Neves and Acosta.[2] Complaint at ¶ 9. GDC claims that Neves and Acosta have breached their obligations by failing to make various payments due pursuant to the Notes. Complaint at ¶ 10.

On December 15, 2006, Neves and Acosta executed and delivered to GDC a promissory note in the principal amount of $4,430,000.00 ("First Note") with interest at ten percent (10%) per annum. Complaint at ¶ 12 and Exhibit A thereto. The First Note required Neves and Acosta to make monthly interest payments of $36,916.66. Complaint at ¶ 14 and Exhibit A thereto. The principal sum was due on July 31, 2007. Id. GDC claims that Neves and Acosta defaulted on their payment obligations under the First Note. Complaint at ¶ 16. In that regard, GDC has alleged a cause of action for breach of the First Note. Complaint at ¶¶ 31-34.

On February 5, 2007, Neves and Acosta executed and delivered to GDC a promissory note in the principal amount of $3,000,000.00 ("Second Note") with interest at ten percent (10%) per annum. Complaint at ¶ 19 and Exhibit B thereto. The Second Note contained terms for the repayment of principal and interest. Complaint at ¶ 20 and Exhibit B thereto. The Second Note addressed its effect on all previous promissory notes between GDC, Neves and Acosta:

---

[1] All of the allegations in the Complaint are assumed to be true for the purposes of this motion to dismiss only.
[2] This lawsuit also includes a claim by plaintiff Markwood Investments Limited against Acosta for the breach of a third promissory note that is not relevant to this motion to dismiss.

> This Note consolidates, cancels, replaces and supercedes [sic] all previous Notes between the undersigned parties, including, without limitation, those listed on Schedule 1 attached hereto (the "Existing Notes")…

Second Note at p. 2. The copy of the Second Note attached to the Complaint does not contain a Schedule 1. On the signature page of the Second Note, non-party Salvatore Frierri consented "to the cancellation, replacement, consolidated of the Existing Notes." Second Note at p. 3.

GDC claims that Neves and Acosta defaulted on their payment obligations under the Second Note. Complaint at ¶¶ 21-22. In that respect, GDC has alleged a cause of action for breach of the Second Note. Complaint at ¶¶ 42-45.

## ARGUMENT

**A.  Standard Of Review.**

On a motion to dismiss, the Court must accept the factual allegations in the complaint as true and view the complaint in the light most favorable to the plaintiffs. D.P. ex rel. E.P. v. School Bd. of Broward County, 483 F.3d 725, 728-729 (11th Cir. 2007). Dismissal is appropriate "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).

In addition, "[a] complaint is subject to dismissal under Rule 12(b)(6) when the allegations in the complaint, on their face, show that an affirmative defense bars recovery on the claim." Powell v. Barrett, 496 F.3d 1288, 1304 (11th Cir. 2007) (citation omitted) Where, as here, GDC has attached documents to the Complaint, such documents are considered part of the pleading for the purposes of ruling on a motion to dismiss. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of

the pleading for all purposes"). Indeed, if a document attached to the complaint reveals facts which foreclose recovery as a matter of law, dismissal is appropriate. See Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007).

**B.** **The Notes Are Negotiable Instruments.**

Florida's version of Article III of the Uniform Commercial Code ("UCC") defines a negotiable instrument:

> … the term "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> (a) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> (b) Is payable on demand or at a definite time; and
>
> (c) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money…

Fla. Stat. § 673.1041(1). By this definition, both Notes are negotiable instruments.

Both Notes contain unconditional promises to pay fixed amounts of principal and interest at specific times. See Fla. Stat. § 673.1091(2). Both Notes are payable to order because the payees are an identified person, GDC. See Fla. Stat. § 673.1091(2) ("A promise or order that is not payable to bearer is "payable to order" if it is payable to the order of an identified person"). Because the Notes do not contain terms requiring anything other than the payment of money, they are negotiable instruments.

**C.** **The Second Note Expressly Consolidates, Cancels, Replaces And Supersedes The First Note.**

Article III of the UCC also addresses how a negotiable instrument may be discharged:

> (1) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument:
> …
> (b) By agreeing not to sue or otherwise renouncing rights against the party by a signed writing.
> …

Fla. Stat. § 673.6041. In addition,

> The obligation of a party to pay the instrument is discharged as stated in this chapter or by an act or agreement with the party which would discharge an obligation to pay money under a simple contract.

Fla. Stat. § 673.6011(1). An obligation under a contract may be cancelled by subsequent agreement of the parties. <u>St. Joe Corp. v. McIver</u>, 875 So.2d 375, 381 (Fla. 2004) ("It is well established that the parties to a contract can discharge or modify the contract, however made or evidenced, through a subsequent agreement") (<u>citing</u> <u>Carolina Metal Prods. Corp. v. Larson</u>, 389 F.2d 490 (5th Cir. 1968); 17A Am. Jur.2d Contracts § 513 (1991)); <u>In re Algar's Estate</u>, 383 So. 2d 676 (Fla. 5th DCA 1980) ("A contract can be modified or revoked by mutual agreement of the contracting parties."); 11 Fla. Jur Contracts § 216.

In <u>Levy v. Gordon-Davis Linen Supply Co.</u>, No. CIV. A. 92-6020, 1993 WL 101283, *3 (E.D. Pa. March 29, 1993), the court held that previous notes between the parties were unenforceable where a later executed note stated that it "supersedes any and all previous notes." Similarly, the Second Note expressly consolidates, cancels, replaces and supersedes the previous notes between the parties. The Second Note states in pertinent part that:

> This Note consolidates, cancels, replaces and supercedes [sic] all previous Notes between the undersigned parties, including, without limitation, those listed on Schedule 1 attached hereto (the "Existing Notes")…

Second Note at p. 2.  The Second Note was executed approximately two months after the First Note. Complaint at ¶¶ 12, 19 and Exhibits A and B thereto.  GDC, Neves and Acosta are parties to both Notes. <u>Id.</u> As a result, the First Note is not enforceable.

GDC likely will claim that dismissal of Count I is inappropriate because Schedule 1 is not attached to the Second Note.  The contents of Schedule 1 (if it exists) are irrelevant. Indeed, the Second Note's "including, without limitation" language indicates that the parties intended to nullify not only the notes listed on Schedule 1, but all of the existing notes between GDC, Neves and Acosta.

Therefore, GDC's claim for breach of the First Note should be dismissed.

## **CONCLUSION**

Count I of the Complaint should be dismissed for failure to state a claim.

Dated:   December 15, 2008
        Boca Raton, Florida

    GREENBERG TRAURIG, P.A.
    5100 Town Center Circle, Suite 400
    Boca Raton, Florida  33486
    Telephone:  (561) 955-7600
    Fax:  (561) 338-7099

    By: __s/Geoffrey M. Cahen_____
    STEPHEN A. MENDELSOHN
    Florida Bar No:  849324
    mendelsohns@gtlaw.com
    GEOFFREY M. CAHEN
    Florida Bar No: 0013319
    caheng@gtlaw.com

## **CERTIFICATE OF SERVICE**

**HEREBY CERTIFY** that on this 15th day of December, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                              s/Geoffrey M. Cahen_____
                                                                              Geoffrey M. Cahen

**SERVICE LIST**
**Golden Dawn Corporation v. Fabrizio Dulcetti Neves, et al.**
**Case No: 08-20381-CIV-JJO**
**United States District Court, Southern District of Florida**

**Brett Barfield, Esq.**
**Alex M. Gonzalez, Esq.**
**Holland & Knight, LLP**
**701 Brickell Avenue,**
**Suite 3000**
**Miami, Florida  33131.**