UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-20381-CIV-O'SULLIVAN

[CONSENT]

GOLDEN DAWN CORP., and
MARKWOOD INVESTMENTS, LTD.,

    Plaintiffs,

v.

FABRIZIO DULCETTI NEVES and
ACOSTA REALTY HOLDINGS LLC,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court pursuant to the Defendants' Motion to Dismiss Count I of the Second Amended Complaint (DE# 45, 1/15/09). Having reviewed the motion, the response and applicable law, it is hereby

ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss Count I of the Second Amended Complaint (DE# 45, 1/15/09) is DENIED. Count I of the Second Amended Complaint alleges a breach of the First Note due to non-payment. The defendants seek dismissal of Count I on the ground that the Second Note, which is an Exhibit to the Second Amended Complaint, essentially negates the claim because it contains release language. (Motion, DE# 45 at p. 4-5; 1/15/09) The defendants' reliance on Powell v. Barrett, 496 F.3d 1288, 1304 (11th Cir. 2007), and Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007) is misplaced. Both cases are factually distinguishable. Neither case involved allegations of mistake.

The undersigned finds that the plaintiff has met the standard for pleading mistake. Common allegations in paragraphs 12 through 37 of the Second Amended Complaint state that the release language contained in the Second Note was included

by mistake and did not reflect the parties' oral agreement.  See ¶¶ 23-27 (DE# 43-2; 12/30/08).  The Common Allegations in paragraphs 12 through 37 as well as the allegations in Count II allege what was intended, what was done, and how the mistake came to be.  See PYR Energy Corp. v. Samson Resources Co., 2007 WL 8588804, *2 (E.D. Tex. March 19, 2007) (citing Wright & Miller, 5A Federal Practice and Procedure § 1299 (3d Edition)).

On a motion to dismiss, the allegations must be viewed in the light most favorable to the plaintiff and must be taken as true.  Cf. Irvin, 496 F.3d at 1206 ("[O]ur duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.  Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.") (citation omitted).  Where, as here, the plaintiff has alleged a mistake with the requisite specificity, the Second Note, which is an exhibit to the Second Amended Complaint, cannot be read to defeat allegations of mistake on a motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida this **18th** day of February, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record