UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No: 08-20381-CIV-Seitz/O'Sullivan

GOLDEN DAWN CORPORATION,
and MARKWOOD INVESTMENTS
LIMITED,

        Plaintiffs.

v.

FABRIZIO DULCETTI NEVES, and
ACOSTA REALTY HOLDINGS LLC,

        Defendants.
_____/

## DEFENDANTS' MOTION IN LIMINE WITH INCORPORATED MEMORANDUM OF LAW

Defendants Fabrizio Dulcetti Neves ("Neves") and Acosta Realty Holdings LLC ("Acosta"), submit this motion in limine[1] with incorporated memorandum of law to exclude any evidence concerning Neves' and Acosta's breach of or money owed pursuant to two promissory notes dated February 5, 2007 and May 1, 2007.

## BACKGROUND

This is an action for breach of three promissory notes. See DE-43-2, 44. By Count I, plaintiff Golden Dawn Corporation ("GDC") sues defendants Neves and Acosta (collectively, "Defendants") for breach of a promissory note in the principal amount of $4,430,000.00 dated December 15, 2006 (the "First Note"). By Count IV, GDC sues Defendants for breach of a promissory note in the principal amount of $3,000,000.00

---

[1] This motion in limine was previously filed as DE-49. By Order dated March 16, 2009 [DE-69], the Court held that the original motion in limine was mooted by the continuance of trial without prejudice to refile the motion in limine on or before June 24, 2009.

dated February 5, 2007 (the "Second Note"). The Second Note contains provisions (the "Release Provisions") indicating that it supersedes, cancels, replaces and consolidates all prior notes between the parties.[2]  By Count V, Markwood Investments Limited ("Markwood") sues Acosta for breach of a promissory note in the principal amount of $2,650,000.00 dated May 1, 2007 (the "Third Note"). Defendants concede that: (1) the Second Note and Third Note are enforceable, (2) Defendants have breached the Second Note, (3) Acosta has breached the Third Note, (4) Defendants are liable for damages according to the unambiguous terms of the Second Note, and (5) Acosta is liable for damages according to the unambiguous terms of the Third Note. See DE-48, 70.

The principal issue to be resolved at trial is whether the Release Provisions contained in the Second Note are enforceable and applicable to the First Note.  GDC claims that the Release Provisions are unenforceable due to mutual mistake and likely will claim that the Release Provisions are unenforceable due to insufficient consideration. In that regard, Defendants believe that the jury will be asked to resolve: (1) whether the Second Note includes provisions releasing the First Note by mutual mistake, (2) whether the release of the First Note was supported by consideration, and (3) if GDC prevails on at least one of the foregoing issues, the amount of damages owed to GDC for breach of the First Note.

It is expected that Plaintiffs will seek to introduce evidence at trial of Defendants' breaches of the Second and Third Note and the debts resulting therefrom ("Evidence Of Other Breaches").  The Evidence Of Other Breaches should excluded because: (1) it is not relevant, (2) its probative value is substantially outweighed by the danger of unfair prejudice, and (3) it is inadmissible character evidence.

---

[2] Count III seeks reformation of the Second Note to eliminate the Release Provisions.

## ARGUMENT

A.  **The Evidence Of Other Breaches Is Irrelevant.**

In order for evidence to be admissible, it must be relevant. F.R.E. 402.

"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence.

F.R.E. 401.

Under this standard, the Evidence Of Other Breaches is irrelevant.  Addressing a discovery dispute, the United States Court Of Federal Claims recently confirmed that breaches of similar contracts are not relevant to whether a another contract was breached:

> Although given ample opportunity to do so, plaintiff has not shown — nor has this court found — any case in which evidence regarding an agency's breach of certain agreement was held to be relevant in determining whether a similar, yet separate, agreement was breached. Indeed, the only cases to consider this issue in private contract actions have rejected the admissibility of such evidence. See Simplex, Inc. v. Diversified Energy Sys., Inc., 847 F.2d 1290, 1294 (7th Cir. 1988) (evidence regarding supplier's conduct with respect to other contracts was not admissible in breach of contract action); G.M. Brod & Co., Inc. v. United States Home Corp., 759 F.2d 1526, 1533 (11th Cir. 1985) (in breach of contract action, testimony of another contractor that a developer had breached five contracts with him and breached contracts with other contractors was not admissible).

Stovall v. U.S., No. 05-400C (not available on Westlaw) at p. 3 (Fed. Cl. Jan. 9, 2008).[3]

Similarly, whether Defendants breached the Second and Third Notes does not make it more or less probable that the inclusion of the Release Provisions in the Second Note was the product of mutual mistake or that GDC did not receive consideration for release of the First Note. Additionally, the Evidence Of Other Breaches has no bearing on

---

[3] A copy of this decision is attached hereto as Exhibit "A."

the amount of damages incurred by GDC resulting from breach of the First Note. Consequently, the Evidence Of Other Breaches should be inadmissible.

**B.     The Probative Value Of The Evidence Of Other Breaches Is Substantially Outweighed By The Danger Of Unfair Prejudice.**

Even if this Court concludes that the Evidence Of Other Breaches is relevant, it should be excluded under F.R.E. 403:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…

F.R.E. 403.

As an initial matter, the probative value of the Evidence Of Other Breaches is slight because, as detailed in Section A, *supra*, it does not bear on any fact of consequence. By contrast, if the jury hears such evidence, there is great danger that Defendants will be unfairly prejudiced. The jury is very likely to draw the improper inference that because Defendants owe money for breaches of other promissory notes, they must be liable on the First Note. See Simplex, Inc. v. Diversified Energy Sys., Inc., 847 F.2d 1290, 1293 (7th Cir. 1988) (evidence of similar contract breaches did not outweigh the danger of prejudice and confusion). Similarly, the introduction of such evidence will confuse and mislead the jury from focusing on the real issues for their determination --- mutual mistake and consideration.

Consequently, the Evidence Of Other Breaches should be excluded on the ground that its negligible probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

**C.     The Evidence Of Other Breaches Is Inadmissible Character Evidence.**

The Federal Rules Of Evidence recognize that jurors are likely to draw improper inferences when confronted with evidence of a party's other similar wrongs and acts. See Simplex, 847 F.2d at 1293 (cautioning against the introduction of evidence of other breaches of contract because of the "very real possibility that [character] evidence will be used to establish a party's propensity to act in conformity with its general character…"). As a result, character evidence is generally inadmissible:

> (a) Character evidence generally.---Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion
> …
> (b) Other Crimes, Wrongs, or Acts.--- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence or mistake or accidence.

F.R.E. 404(a).

The Evidence Of Other Breaches constitutes inadmissible character evidence. Introduction of this evidence will lead to the improper inferences that Defendants do not meet their contractual obligations so they must not have met their contractual obligations with regard to the First Note. These are precisely the type of inferences that the character evidence rule seeks to preclude.

The Evidence Of Other Breaches should be excluded based upon F.R.E. 404.

**D.     If The Evidence Of Other Breaches Is Admissible, The Court Should Provide A Limiting Instruction.**

If the Court determines that the Evidence Of Other Breaches is admissible, the Court should issue a limiting instruction to prevent unfair prejudice to Defendants.

> When evidence is admissible … for one purpose, but not admissible … for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

F.R.E. 105.

Therefore, if the Evidence Of Other Breaches is admitted for some purpose, Defendants request that the Court provide a limiting instruction to the jury as follows:

> You have heard evidence concerning breaches of the Second and Third Notes and debts resulting therefrom. The facts that Defendants may have breached other promissory notes or may owe money to GDC and/or Markwood should have no bearing on your determinations of whether the insertion of the Release Provisions in the Second Note was the product of mutual mistake or whether GDC received consideration for release of the First Note. Additionally, this evidence has no bearing on the amount of damages incurred by GDC by reason of breach of the First Note.

## CERTIFICATION PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)

The parties conferred in good faith prior to the filing of this motion and were unable to agree upon a resolution.

## **CONCLUSION**

Defendants respectfully request that their motion in limine be granted excluding the Evidence Of Other Breaches, or in the alternative, a limiting instruction be provided to the jury as set forth herein together with such other relief as the Court deems just and proper.

Dated:   June 17, 2009
         Boca Raton, Florida

    GREENBERG TRAURIG, P.A.
    5100 Town Center Circle, Suite 400
    Boca Raton, Florida  33486
    Telephone:  (561) 955-7600
    Fax:  (561) 338-7099

    By:   s/Geoffrey M. Cahen
    STEPHEN A. MENDELSOHN
    Florida Bar No:  849324
    mendelsohns@gtlaw.com
    GEOFFREY M. CAHEN
    Florida Bar No: 0013319
    caheng@gtlaw.com

**CERTIFICATE OF SERVICE**

**HEREBY CERTIFY** that on this 17th day of June, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/Geoffrey M. Cahen  
                                              Geoffrey M. Cahen

## SERVICE LIST
### Golden Dawn Corporation v. Fabrizio Dulcetti Neves, et al.
### Case No: 08-20381-CIV-JJO
### United States District Court, Southern District of Florida

**Brett Barfield, Esq.**
**Alex M. Gonzalez, Esq.**
**Holland & Knight, LLP**
**701 Brickell Avenue,**
**Suite 3000**
**Miami, Florida  33131.**