UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No: 08-20381-CIV-Seitz/O'Sullivan

GOLDEN DAWN CORPORATION, and MARKWOOD INVESTMENTS LIMITED,

Plaintiffs.

v.

FABRIZIO DULCETTI NEVES, and ACOSTA REALTY HOLDINGS LLC,

Defendants.
______________________________/

**JOINT PRETRIAL STIPULATION**

Pursuant to this S.D. Fla. L.R. 16.1.E and the Court's Order dated July 8, 2009 [DE-104], the parties submit this Joint Pretrial Stipulation, as follows.

**1. Concise Statement of the Case by Each Party in the Action.**

a. Plaintiff's Concise Statement Of The Case.

This is an action filed by Golden Dawn Corporation ("Golden Dawn") and Markwood Investments Limited ("Markwood") seeking recovery for the breach of three promissory notes. Defendants concede that they breached second (the "February Note") and third notes and are liable for damages on those notes. Defendants also concede that they did not satisfy their payment obligations under the first note ("the December Note"), but argue that their obligations under the December Note were cancelled and released by two provisions in the February Note (the "Release Provisions").

The inclusion of the Release Provisions in the February Note was the result of a mutual mistake because the February Note was created by a non-party copying and pasting the terms of the First Note, and that the parties never intended or agreed to include the Release Provisions in the February Note. Stated differently, the Release Provisions are unenforceable because they are not supported by agreed-upon consideration. Because the parties never intended to release the Defendants from their obligations under the unpaid December Note, Defendants are liable for damages under the December Note and the February Note must be reformed to exclude the Release Provisions.

b. Defendants' Concise Statement Of The Case.

Golden Dawn Corporation ("Golden Dawn") entered into a loan agreement in the principal amount of $4,430,000 with Acosta Realty Holdings LLC ("Acosta Realty") and Fabrizio Neves ("Neves") on December 15, 2006 (the "December Note"). The $4,430,000 Note was released by a promissory note between the same parties dated February 5, 2007 in the principal amount of $3,000,000 (the "February Note"). The release of the December Note was not the product of mutual mistake and consideration was provided to Golden Dawn for the release.

**2. The Basis Of Federal Jurisdiction.**

Federal jurisdiction is properly based upon 28 U.S.C. § 1332(a)(2) because Plaintiffs are citizens of foreign states, Defendants are citizens of Florida and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**3. The Pleadings Raising The Issues.**

- Second Amended Complaint [DE-43-2].

- Answer To Second Amended Complaint [DE-48].

4. **List Of Undisposed Motions Or Other Matters Requiring Action By The Court.**

- Defendants' Motion In Limine [DE-49].
- Plaintiffs' Motion in Limine [DE-99].
- Plaintiffs' Verified Motion to Tax Costs [DE-106].
- Stipulation as to Amount of Attorneys' Fees [DE-108].

5. **A List Of All Undisputed Facts That Will Require No Proof At Trial.**

- The December Note [Exhibit A to DE-40-2] is authentic and admissible at trial.
- The February Note [Exhibit B to DE-40-2] is authentic and admissible at trial.
- The promissory note between Markwood and Acosta dated May 1, 2007 in the principal amount of $2,650,000 (the "May Note") [Exhibit C to DE-40-2] is authentic and admissible at trial.
- Acosta and Neves are jointly and severally liable for breach of the February Note according to its terms.
- Acosta is liable for breach of the May Note according to its terms.

6. **Issues Of Fact To Be Litigated At Trial.**

- Whether the release provisions contained in the February Note were inserted by mutual mistake?
- Whether Plaintiffs received bargained-for consideration for a release of the December Note?

7. **Issues Of Law On Which There Is Agreement.**

   a. Mutual Mistake.

Golden Dawn has the burden of proving by clear and convincing evidence that the release provisions were mistakenly inserted into the February Note. Newman v. Metropolitan Dade Cty., 576 So. 2d 1352, 1353 (Fla. 3d DCA 1991). Clear and convincing evidence differs from the greater weight of the evidence in that it is more compelling and persuasive. In re Davey, 645 So. 2d 398, 404 (Fla. 1994). Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such great weight that it produces a firm belief or conviction, without hesitation, about the matter in issue. Id.

A mutual mistake exists if Golden Dawn proves by clear and convincing evidence that the February Note does not express the true agreement or intention of Golden Dawn, Acosta and Mr. Neves. Goodall v. Whispering Woods Center, L.L.C., 990 So. 2d 695, 699 (Fla. 4th DCA 2008); Newman v. Metropolitan Dade Cty., 576 So. 2d 1352, 1353 (Fla. 3d DCA 1991). The mistake is mutual if the parties all agreed that the February Note would not release any prior promissory notes, but due to either a scrivener's error or inadvertence, the February Note was drafted and executed with the Release Provisions. Id.

Defendants contend (and Golden Dawn disputes) that in order to prevail on its claim of mutual mistake, Golden Dawn must also prove by clear and convincing evidence:

(1) the precise mistake made,

(2) the identity of the individuals who made the mistake (identification of a corporation or groups of individuals is insufficient),

(3) the nature of their misunderstanding, and

(4) when and where the mistake occurred.

In re Musicland Holding Corp., --- B.R. ---, 2008 WL 5377701, *12 (S.D.N.Y. Bankr. Dec. 23, 2008); PYR Energy Corp. v. Samson Resources Co., No. 1:05-CV-530, 2007 WL 858804, *2 (E.D. Tex. March 19, 2007); 2 James Wm. Moore, Moore's Federal Practice § 9.03[2], at 9-30 (3d ed. 2008).

Furthermore, Defendants contend (and Golden Dawn disputes) that if Golden Dawn failed to read or know the contents of the February Note prior to executing it, a mutual mistake does not exist. All Florida Sur. Co. v. Coker, 88 So. 2d 508 (Fla. 1956).

b. Consideration.

If it is found that a mutual mistake did not occur, Golden Dawn then has the burden of proving by the greater weight of the evidence that it did not obtain bargained for consideration in exchange for release of the December Note. Holm v. Woodworth, 271 So. 2d 167, 169-70 (Fla. 4th DCA 1972). Consideration is either giving something of value or promising to give something of value in exchange for a promise. Mangus v. Present, 135 So.2d 417 (Fla. 1961). It is not necessary that the thing of value offered by a party be of great or even moderate value. Id. As long as the thing of value has some value, even if the value is slight, the party will have provided sufficient consideration if that consideration was bargained for. Id.

**8. Issues Of Law Remaining For Determination By The Court.**

- Whether Markwood perfected a security interest in Acosta in connection with the May Note?

**9. Exhibit Lists.**

- Plaintiffs' Exhibit List has been filed as DE-118.

- Defendants' Renewed Exhibit List has been filed as DE-115.

10. **Each Party's Trial Witness Lists.**

- Plaintiffs' Witness List has been filed as DE-117.
- Defendants' Renewed Witness List has been filed as DE-116.

11. **Estimated Trial Time.**

3-4 days.

12. **Estimate Of Maximum Attorneys' Fees Allowable.**

The parties have entered a stipulation [DE-108] as to the amount of attorney's fees to which Markwood is entitled from Acosta Realty under the May Note.

Dated: August 3, 2009
Boca Raton, Florida

GREENBERG TRAURIG, P.A.
5100 Town Center Circle, Suite 400
Boca Raton, Florida 33486
Telephone: (561) 955-7600
Fax: (561) 338-7099

By: s/Stephen A. Mendelsohn
STEPHEN A. MENDELSOHN
Florida Bar No: 849324
mendelsohns@gtlaw.com
GEOFFREY M. CAHEN
Florida Bar No: 0013319
caheng@gtlaw.com

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that on this 3rd day of August, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Stephen A. Mendelsohn
Stephen A. Mendelsohn

**SERVICE LIST**
**Golden Dawn Corporation v. Fabrizio Dulcetti Neves, et al.**
**Case No: 08-20381-CIV-JJO**
**United States District Court, Southern District of Florida**

**Brett Barfield, Esq.**
**Alex M. Gonzalez, Esq.**
**Holland & Knight, LLP**
**701 Brickell Avenue,**
**Suite 3000**
**Miami, Florida 33131.**