**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 08-20381-CIV-O'SULLIVAN**
**[CONSENT]**

GOLDEN DAWN CORPORATION,
a Panamanian corporation, and
MARKWOOD INVESTMENTS LIMITED,
a British Virgin Islands corporation,

Plaintiffs,

v.

FABRIZIO DULCETTI NEVES, an individual,
and ACOSTA REALTY HOLDINGS LLC,
a Florida limited liability company,

Defendants.
_______________________________________/

**PROPOSED JOINT JURY INSTRUCTIONS**

Plaintiffs, GOLDEN DAWN CORPORATION ("Golden Dawn") and MARKWOOD INVESTMENTS LIMITED ("Markwood"), and Defendants, FABRIZIO DULCETTI NEVES and ACOSTA REALTY HOLDINGS LLC, hereby give notice of the service of the attached proposed joint jury instructions. Defendants will file separate instructions that have not been agreed to by the parties, and both parties will file separate verdict forms.

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for Plaintiffs*
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tel.: (305) 374-8500
Fax.: (305) 789-7799

By: /s/ Brett A. Barfield
Brett A. Barfield
Fla. Bar No.: 192252

Rebecca M. Plasencia
Fla. Bar No.: 861901

**Certificate of Service**

I hereby certify that on August 3, 2009, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Brett A. Barfield
Brett A. Barfield

Service List:

Stephen A. Mendelsohn, Esq.
Geoffrey M. Cahan, Esq.
Greenberg Traurig, P.A.
5100 Town Center Circle, Suite 400
Boca Raton, FL 33486
mendelsohns@gtlaw.com
cahang@gtlaw.com

**JURY INSTRUCTION NO. 1.**
**Preliminary Instruction**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. Before this case proceeds further, I will take a minute to instruct you concerning the nature of these proceedings. This is a civil action brought by Plaintiff Golden Dawn Corporation ("Golden Dawn") against Defendants Fabrizio Dulcetti Neves ("Mr. Neves") and Acosta Realty Holdings, LLC. ("Acosta Realty"). Golden Dawn alleges that Acosta Realty and Mr. Neves breached a promissory note dated December 15, 2006 (the "First Promissory Note") in the principal amount of $4.43 million with interest to accrue at 10% per year.

By your verdict you will decide the disputed issues of fact, and I will decide all questions of law and procedure that arise during the trial. Before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items, including papers or documents, called "exhibits."

**Transcripts Not Available**: You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**: On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned, because you will get to see and study it later during your deliberations.

**Note-Taking Permitted**: If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you decide to take notes, be careful not to get so involved in note-taking that you become distracted from the ongoing proceedings. Just make notes of names, or dates and places—things that might be difficult to remember. Also, your notes should be used only as an aid to your memory; if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**General Instructions**: During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard *all* of the testimony and evidence, the closing arguments or summations of the lawyers, *and* my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else,

nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the parties. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the parties from time to time out of your hearing with regard to questions of law or procedure that require consideration by me alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceeding will be as follows: In just a moment the parties' lawyers will be permitted to address you in turn and make what we call their "opening statements." The plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the plaintiffs' "case in chief." When the plaintiff finishes, the defendants will proceed with witnesses and evidence, after which, within certain limitations, the plaintiffs may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The plaintiff proceeds first, and may rebut at the end, because the

law places the burden of proof or burden of persuasion upon the plaintiff (as I will further explain to you as a part of my final instructions.)

When the evidence portion of the trial is completed, the lawyers will be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. The statements that each side makes now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the parties your close attention as I recognize them for purposes of opening statements.

Authorities: *Pattern Jury Instructions (Civil Cases)*, prepared by the Committee on Pattern Jury Instructions, District Judges Association, Eleventh Circuit Court of Appeals, pp. 1-5 (West 2005) (hereinafter "Eleventh Circuit Pattern Jury Instructions") (slightly modified).

GIVEN AS REQUESTED____________________
GIVEN MODIFIED____________________
REFUSED____________________

WITHDRAWN_______________________

_______________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 2.**
**Introduction**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

Authority: Eleventh Circuit Pattern Jury Instructions, Basic Instruction 1.

GIVEN AS REQUESTED____________________
GIVEN MODIFIED____________________
REFUSED____________________
WITHDRAWN____________________

____________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 3.**
**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence--that is, the testimony of the witnesses and the exhibits I have admitted in the record. Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded by you. As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything said by the lawyers in opening statements or closing arguments is not evidence in the case. And, except for my instructions to you on the law, you should

disregard anything I may have said during the trial in arriving at you decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Authority: Eleventh Circuit Pattern Jury Instructions, Basic Instruction 2.2 (slightly modified).

GIVEN AS REQUESTED____________________
GIVEN MODIFIED____________________
REFUSED____________________
WITHDRAWN____________________

____________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 4.**
**Credibility of Witnesses**

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Authority: Eleventh Circuit Pattern Jury Instructions, Basic Instruction 3.

GIVEN AS REQUESTED____________________
GIVEN MODIFIED____________________
REFUSED____________________
WITHDRAWN____________________

______________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 5.**
**Impeachment of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority: Eleventh Circuit Pattern Jury Instructions, Basic Instruction 4.1.

GIVEN AS REQUESTED__________________
GIVEN AS MODIFIED___________________
REFUSED____________________
WITHDRAWN____________________

______________________________
UNITED STATES DISTRICT JUDGE

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6.**
**Burden of Proof**
**When There Are Multiple Claims Or**
**When Both Plaintiff And Defendant Or**
**Third Parties Have Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "burden of proof" or the "burden of persuasion."

As I will explain shortly, the burden of persuasion is different for some of the issues presented for your determination.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish my essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Authority: Eleventh Circuit Pattern Jury Instructions, Basic Instruction 6.2.

GIVEN AS REQUESTED ____________________
GIVEN AS MODIFIED ____________________
REFUSED ____________________
WITHDRAWN ____________________

____________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 7.**
**Duty to Deliberate**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Eleventh Circuit Pattern Jury Instructions, Basic Instruction 7.1.

GIVEN AS REQUESTED ____________________
GIVEN AS MODIFIED ____________________
REFUSED ____________________
WITHDRAWN ____________________

____________________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 8.**
**Election of Foreperson**

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. The verdict form includes questions that you must answer about this case in your role as the jury.

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, you should not tell me your numerical division at the time.

Authority: Eleventh Circuit Pattern Jury Instructions, Basic Instruction 8.

GIVEN AS REQUESTED ____________________
GIVEN AS MODIFIED ____________________
REFUSED ____________________
WITHDRAWN ____________________

______________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 9.**
**Explanation of Case**

In this action, Golden Dawn entered into a loan agreement in the principal amount of $4,430,000 with Acosta Realty Holdings LLC (which I will refer to as "Acosta Realty") and Fabrizio Neves on December 15, 2006. I'll refer to this loan agreement as the First Promissory Note. A Promissory Note is a written promise to pay a specified sum of money to a designated person—in this case the First Promissory Note was payable to Golden Dawn.

Golden Dawn asserts that Acosta Realty and Mr. Neves failed to repay the loan according to the terms of the First Promissory Note.

Acosta Realty and Mr. Neves agree that they entered into the First Promissory Note and that they did not repay the loan according to its terms.

Acosta Realty and Mr. Neves contend that Golden Dawn expressly cancelled, superseded, replaced and consolidated the First Promissory Note by certain provisions in a later written promissory note dated February 5, 2007, which I will refer to as the Second Promissory Note, and accordingly, they had no obligation to repay the First Promissory Note.

Golden Dawn agrees that it entered into the Second Promissory Note and that it contains language in two different places indicating that it cancels, supersedes, replaces and consolidates all prior promissory notes between the parties (the "Release Provisions").

However, Golden Dawn alleges that the Second Promissory Note did not cancel, supersede, replace, or consolidate the First Promissory Note. Golden Dawn alleges that all the parties mistakenly inserted the Release Provisions into the Second Promissory Note. In addition, Golden Dawn argues that Acosta Realty and Mr. Neves did not provide any agreed-upon consideration in exchange for cancelling the First Promissory Note.

Authority: Stipulation of parties

GIVEN AS MODIFIED ________________
REFUSED ____________________
WITHDRAWN __________________

________________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 10.**
**Mutual Mistake - Burden of Persuasion**

The issue for your determination is whether the Release Provisions were inserted into the Second Promissory Note by mutual mistake of Golden Dawn, Acosta Realty, and Mr. Neves. Golden Dawn has the burden of proving by "clear and convincing evidence" that the Release Provisions were mistakenly inserted into the Second Promissory Note.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such great weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

Authority: *In re Davey*, 645 So. 2d 398, 404 (Fla. 1994); *Newman v. Metro. Dade Cty.*, 576 So. 2d 1352, 1353 (Fla. 3d DCA 1991).

GIVEN AS MODIFIED ________________
REFUSED ________________
WITHDRAWN ________________

________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 11.**
**Reformation of the Second Promissory Note—Mutual Mistake**

In this action, Golden Dawn has sued Acosta Realty and Mr. Neves for the breach of the First Promissory Note. A promissory note is a written promise to pay a fixed amount of money.

Acosta Realty and Mr. Neves executed the First Promissory Note in the principal amount of $4,430,000 with interest at 10% per year. Acosta Realty and Mr. Neves agreed to pay Golden Dawn the full amount plus interest by July 31, 2007. The Parties agree that Acosta Realty and Mr. Neves made only one interest payment of $83,000 on the First Promissory Note.

Golden Dawn claims the Second Promissory Note should be reformed to exclude the release provisions because the parties never intended to include the release provisions in the Second Promissory Note and their inclusion was the result of a mutual mistake. A mutual mistake occurs "when the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument."

It is appropriate to reform a contractual provision that was included as a result of a mutual mistake. Reformation acts to correct an error that was not in the parties' intended agreement but was mistakenly incorporated into the written agreement. The remedy of reformation corrects the defective written agreement so that it reflects the true terms of the agreement the parties actually reached.

In this case, Golden Dawn claims that the following two provisions were erroneously incorporated into the Second Promissory Note (the "Release Provisions"):

> "This Note consolidates, cancels, replaces and supersedes all previous Notes between the undersigned parties, including, without limitation, those listed on Schedule 1 attached hereto (the "Existing Notes"). The Makers acknowledges that in consideration for converting such notes from demand notes into a single Promissory Note payable in accordance with the terms hereof that the Makers has also agreed to the other changes contained within this Note";

and

"The undersigned hereby consents to the cancellation, replacement, consolidation of the Existing Notes."

In order to establish that including the Release Provisions in the Second Promissory Note was a mutual mistake, Golden Dawn must present clear and convincing evidence that:

First: None of the parties intended for the Second Promissory Note to consolidate, cancel, replace and supersede the First Promissory Note. If you find that either Acosta Realty or Mr. Neves intended the Release Provisions to be included in the Second Note, then there is no mutual mistake.

Second: The Release Provisions were included in the Second Promissory Note due to a clerical error or inadvertence.

If Golden Dawn proves its claim of mutual mistake by clear and convincing evidence, then you must find that the Release Provisions in the Second Promissory Note are invalid and unenforceable, and that the Second Promissory Note should be reformed to exclude the Release Provisions.

If Golden Dawn does not prove its claim of mutual mistake by clear and convincing evidence, then you must find that the Release Provisions are valid and enforceable, and that the Second Promissory Note should not be reformed to exclude the Release Provisions.

Authority: Florida Jurisprudence 2d BILLS AND NOTES § 21 (2004); Brandsmart U.S.A. of West Palm Beach, Inc. v. DR Lakes, Inc., 901 So. 2d 1004, 1005-1006 (Fla. 4th DCA 2005); Florida Jurisprudence 2d CANCELLATION § 52; Florida Forms of Jury Instructions, Vol. 1, § 31.31 (Mathew Bender 2008) (citing Atlantic Nat. Bank of Florida v. Vest, 480 So. 2d 1328 (Fla. 2d DCA 1985); Barnacle Bill's Seafood Galley v. Ford, 453 So. 2d 165 (Fla. 1st DCA 1984);

GIVEN AS MODIFIED ________________
REFUSED ___________________
WITHDRAWN __________________

_______________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 12.**
**Mutual Mistake-Liability**

If you find that there was no mutual mistake concerning the release provisions in the February Note, you should find for Acosta Realty and Mr. Neves on the issue of mutual mistake. If you find that there was no mutual mistake concerning the release provisions in the February Note, you should address the issue of whether Golden Dawn received consideration for the release of the December Note.

If you find that there was a mutual mistake concerning the release provisions in the February Note, you should consider whether Golden Dawn has incurred any damages under the December Note. If you find that there was a mutual mistake concerning the release provisions in the February Note, you should not address the issue of consideration.

GIVEN AS MODIFIED ________________
REFUSED ________________
WITHDRAWN ________________

________________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 13.**
**Consideration**

Assuming that you find against Golden Dawn's claim of mutual mistake, next for your determination is whether Acosta Realty and Mr. Neves provided consideration for the release of the First Promissory Note. If you find for Golden Dawn on its claim of mutual mistake, then you may not address the issue of consideration. Golden Dawn claims that it did not receive the bargained-for consideration in exchange for release of the First Promissory Note. Golden Dawn has the burden of proving by the greater weight of the evidence that it did not receive agreed-upon consideration in exchange for release of the First Promissory Note.

Consideration is either giving something of value or promising to give something of value in exchange for a promise.

It is not necessary that the thing of value offered by a party be of great or even moderate value. As long as the thing of value has some value, even if the value is slight, the party will have provided sufficient consideration if it was the consideration that the parties agreed to.

Authority: Mangus v. Present, 135 So. 2d 417 (Fla. 1961); Frissell v. Nichols, 94 Fla. 403, 114 So. 431 (1927); Wright & Seaton, Inc. v. Prescott, 420 So. 2d 623 (Fla. 4th DCA 1982); Baiter v. Pan Am. Bank of Hialeah, 383 So. 2d 256 (Fla. 3d DCA); Venice East, Inc. v. Manno, 186 So. 2d 71 (Fla. 2d DCA 1966); Lake Sarasota, Inc. v. Pan A. Surety Co., 140 So. 2d 139 (Fla. 2d DCA 1962).

GIVEN AS MODIFIED ________________
REFUSED ________________
WITHDRAWN ________________

________________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 14.**
**Lack of Consideration for Release**

If you have determined that including the Release Provisions in the Second Promissory Note was not the result of a mutual mistake, the Release Provisions may still be invalid if the Acosta Realty and Mr. Neves failed to give the agreed-upon consideration to justify the release of the First Promissory Note. Consideration is something of value that is given or agreed to be given in exchange for a promise. For a valid contract to be formed between two parties, each party has provide some type of consideration to the other party in exchange for the other party's promise to do or not do something.

If the greater weight of the evidence supports Golden Dawn's claim that there was no agreed-upon consideration given for the inclusion of the Release Provisions in the Second Promissory Note, then you must find that the Release Provisions are not enforceable.

However, if the greater weight of the evidence does not support Golden Dawn's claim that there was no agreed-upon consideration for the inclusion of the Release Provisions in the Second Promissory Note, then you must find that the Release Provisions are enforceable.

Authority: Florida Forms of Jury Instructions, Vol. 1, § 30.60 (Mathew Bender 2008) (citing Mangus v. Present, 135 So. 2d 417 (Fla. 1961); Frissell v. Nichols, 94 Fla. 403, 114 So. 431 (1927); Lines v. Smith, 4 Fla. 47 (1851); Wrights & Seaton, Inc. v. Prescott, 420 So. 2d 623 (Fla. 4th DCA 1982); Balter v. Pan American Bank of Hialeah, 383 So. 2d 256 (Fla. 3d DCA 1980); Venice East, Inc. v. Manno, 186 So. 2d 71 (Fla. 2d DCA 1966); Lake Sarasota, Inc. v. Pan American Surety Co., 140 So. 2d 139 (Fla. 2d DCA 1962); Lamborn v. Slack, 107 So. 2d 277 (Fla. 2d DCA 1958).

GIVEN AS MODIFIED ____________
REFUSED ____________
WITHDRAWN ____________

____________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 15.**
**(If Golden Dawn Prevails on Liability)**
**Damages**

If you find for Acosta Realty and Mr. Neves on Golden Dawn's claim for breach of the December Promissory Note, then you will not consider the question of damages.

However, if you find for the Golden Dawn on its claim for breach of the December Promissory Note, you will then consider the amount of money damages to be awarded to the Golden Dawn.

In that respect you should award the Golden Dawn an amount of money shown by the greater weight of the evidence to be fair and adequate compensation for such loss or damage as resulted from the breach of the December Promissory Note. Golden Dawn is entitled to such compensatory damages as will restore it to the condition that would have existed has Acosta Realty and Mr. Neves fully performed their obligations under the December Promissory Note according to its terms.

You should decrease the amount of damages awarded to Golden Dawn by the amount of any payments or the value of any things provided by Acosta Realty or Mr. Neves to Golden Dawn in connection with their obligations under the December Promissory Note.

Authority: Florida Standard Jury Instructions In Civil Cases (2004) at MI 12.1.

GIVEN AS MODIFIED ________________
REFUSED ____________________
WITHDRAWN __________________

______________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 16.**
**(If Golden Dawn Prevails on Liability)**
**Joint and Several Liability**

If you find that Golden Dawn is not entitled to damages under the December Promissory Note, then you will not consider the question of apportionment of damages. However, if you find that Golden Dawn incurred damages against Acosta Realty and Mr. Neves under the December Promissory Note, you should apportion the damages jointly and severally. In this case, joint and several liability means that Acosta Realty and Mr. Neves will each be responsible for the full amount of damages incurred by Golden Dawn.

Accordingly, if you find that Golden Dawn incurred damages against Acosta Realty and/or Mr. Neves under the December Promissory Note, you should assess Golden Dawn's damages in a single amount against both Acosta Realty and Mr. Neves. To avoid Golden Dawn recovering the same damages from both Acosta Realty and Mr. Neves, Golden Dawn will then be entitled to seek recovery for these damages from either Acosta Realty or Mr. Neves, but not both of them.

Authority: Florida Standard Jury Instructions (Civil) 6.1(b); Sands v. Wilson, 191 So. 21 (Fla. 1939); Whitby v. Infinity Radio, Inc., 951 So.2d 890 (Fla. 4th DCA 2007); ROSL, Inc. v. Des Jardines, 756 So.2d 1078 (Fla. 4th DCA 2000); Designs for Vision, Inc. v. Armedas, Inc., 632 So.2d 614 (Fla. 2d DCA 1994).

GIVEN AS MODIFIED ________________
REFUSED ________________
WITHDRAWN ________________

________________________________
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 17.**
**Attorneys Fees and Court Costs**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. [The matter of attorney's fees and court costs, if any, will be decided later by the Court.]

Authority: Eleventh Circuit Pattern Jury Instructions (2005).

GIVEN AS MODIFIED ________________
REFUSED ____________________
WITHDRAWN __________________

____________________________
UNITED STATES DISTRICT JUDGE

# 8729537_v2