UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No:  08-20381-CIV-Seitz/O'Sullivan

GOLDEN DAWN CORPORATION,
and MARKWOOD INVESTMENTS
LIMITED,

      Plaintiffs.

v.

FABRIZIO DULCETTI NEVES, and
ACOSTA REALTY HOLDINGS LLC,

      Defendants.
_____/

**DEFENDANTS' NOTICE OF FILING SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM**

Defendants Fabrizio Dulcetti Neves ("Neves") and Acosta Realty Holdings LLC ("Acosta Realty"), submit their Supplemental Proposed Jury Instructions and Special Verdict Form.  The Supplemental Proposed Jury Instructions are intended to supplement the Proposed Joint Jury Instructions dated August 3, 2009 [DE-120].

Dated:    August 3, 2009
           Boca Raton, Florida

                                    GREENBERG TRAURIG, P.A.
                                    5100 Town Center Circle, Suite 400
                                    Boca Raton, Florida  33486
                                    Telephone:  (561) 955-7600
                                    Fax:  (561) 338-7099

                                    By: __s/Stephen A. Mendelsohn__
                                    STEPHEN A. MENDELSOHN
                                    Florida Bar No:  849324
                                    mendelsohns@gtlaw.com
                                    GEOFFREY M. CAHEN
                                    Florida Bar No: 0013319
                                    caheng@gtlaw.com

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that on this 3rd day of August, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                      s/Stephen A. Mendelsohn
                                                                      Stephen A. Mendelsohn

# SERVICE LIST
### Golden Dawn Corporation v. Fabrizio Dulcetti Neves, et al.
### Case No: 08-20381-CIV-JJO
### United States District Court, Southern District of Florida

**Brett Barfield, Esq.**
**Alex M. Gonzalez, Esq.**
**Holland & Knight, LLP**
**701 Brickell Avenue,**
**Suite 3000**
**Miami, Florida  33131.**

**EXHIBIT A**

**DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Defendants propose that Joint Proposed Jury Instruction No. 11 [DE-120 at pp. 19-21] be modified to add the following highlighted language:

**DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 11**
**Reformation of the Second Promissory Note—Mutual Mistake**

In this action, Golden Dawn has sued Acosta Realty and Mr. Neves for the breach of the First Promissory Note. A promissory note is a written promise to pay a fixed amount of money.

Acosta Realty and Mr. Neves executed the First Promissory Note in the principal amount of $4,430,000 with interest at 10% per annum. Acosta Realty and Mr. Neves agreed to pay Golden Dawn the full amount plus interest by July 31, 2007. The Parties agree that Acosta Realty and Mr. Neves made only one interest payment of $83,000 on the First Promissory Note and, therefore, the balance due on the First Promissory Note is $4,347,000.

Golden Dawn claims the Second Promissory Note should be reformed to exclude the release provisions because the parties never intended to include the release provisions in the Second Promissory Note and their inclusion was the result of a mutual mistake. A mutual mistake occurs "when the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument."

It is appropriate to reform a contractual provision that was included as a result of a mutual mistake. Reformation acts to correct an error that was not in the parties' intended agreement but was mistakenly incorporated into the written agreement. The

remedy of reformation corrects the defective written agreement so that it reflects the true terms of the agreement the parties actually reached.

In this case, Golden Dawn claims that the following two provisions were erroneously incorporated into the Second Promissory Note (the "Release Provisions"):

> "This Note consolidates, cancels, replaces and supersedes all previous Notes between the undersigned parties, including, without limitation, those listed on Schedule 1 attached hereto (the "Existing Notes"). The Makers acknowledges that in consideration for converting such notes from demand notes into a single Promissory Note payable in accordance with the terms hereof that the Makers has also agreed to the other changes contained within this Note";

and

> "The undersigned hereby consents to the cancellation, replacement, consolidation of the Existing Notes."

In order to establish that including the Release Provisions in the Second Promissory Note was a mutual mistake, Golden Dawn must present clear and convincing evidence that:

<u>First</u>: None of the parties intended for the Second Promissory Note to consolidate, cancel, replace and supersede the First Promissory Note. If you find that either Acosta Realty or Mr. Neves intended the Release Provisions to be included in the Second Note, then there is no mutual mistake.

<u>Second</u>: The Release Provisions were included in the Second Promissory Note due to a clerical error or inadvertence.

==Moreover, you should only find a mutual mistake, if Golden Dawn also proves by clear and convincing evidence:==

==(1) the precise mistake made,==

==(2) the identity of the individuals who made the mistake (identification of a corporation or groups of individuals is insufficient),==

==(3) the nature of their misunderstanding, and==

==(4)     when and where the mistake occurred.==

If Golden Dawn proves its claim of mutual mistake by clear and convincing evidence, then you must find that the Release Provisions in the Second Promissory Note are invalid and unenforceable, and that the Second Promissory Note should be reformed to exclude the Release Provisions.

If Golden Dawn does not prove its claim of mutual mistake by clear and convincing evidence, then you must find that the Release Provisions are valid and enforceable, and that the Second Promissory Note should not be reformed to exclude the Release Provisions.

Authority:  Florida Jurisprudence 2d BILLS AND NOTES § 21 (2004); Brandsmart U.S.A. of West Palm Beach, Inc. v. DR Lakes, Inc., 901 So. 2d 1004, 1005-1006 (Fla. 4th DCA 2005); Florida Jurisprudence 2d CANCELLATION § 52; Florida Forms of Jury Instructions, Vol. 1, § 31.31 (Mathew Bender 2008) (citing Atlantic Nat. Bank of Florida v. Vest, 480 So. 2d 1328 (Fla. 2d DCA 1985); Barnacle Bill's Seafood Galley v. Ford, 453 So. 2d 165 (Fla. 1st DCA 1984); Williams, et al. v. Harbour Club Villas Condo., 436 So. 2d 233 (Fla. 3d DCA 1983).  See also Goodall v. Whispering Woods Center, L.L.C., 990 So. 2d 695, 699 (Fla. 4th DCA 2008); Newman v. Metro. Dade Cty., 576 So. 2d 1352, 1353 (Fla. 3d DCA 1991); In re Musicland Holding Corp., __ B.R. ___, 2008 WL 5377701, *12 (S.D.N.Y. Bankr. Dec. 23, 2008); PYR Energy Corp. v. Samson Resources Co., No. 1:05-CV-530, 2007 WL 858804, *2 (E.D. Tex. March 19, 2007).

GIVEN AS MODIFIED  _____
REFUSED  _____
WITHDRAWN  _____

_____
UNITED STATES DISTRICT JUDGE

Defendants propose that the following Supplemental Proposed Jury Instruction be included between Joint Proposed Jury Instructions Nos. 11 and 12 [DE-120 at p. 22]:

**SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 11(A)**

**Mutual Mistake - Failure To Read Document**

You should find against a mutual mistake if you find that no representative of Golden Dawn read or knew the contents of the February Promissory Note prior to executing it.

Likewise, if you find that Golden Dawn failed to read the February Promissory Note before executing it, that may not be a basis for mutual mistake.  This is because a party who signs a written contract without reading it is bound by its terms.  The law imposes this rule because otherwise the value of written contracts would be destroyed.

Authority: All Florida Sur. Co. v. Coker, 88 So. 2d 508 (Fla. 1956).

GIVEN AS MODIFIED  _____
REFUSED  _____
WITHDRAWN  _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No: 08-20381-CIV-Seitz/O'Sullivan

GOLDEN DAWN CORPORATION,
and MARKWOOD INVESTMENTS
LIMITED,

    Plaintiffs.

v.

FABRIZIO DULCETTI NEVES, and
ACOSTA REALTY HOLDINGS LLC,

    Defendants.
_____/

## SPECIAL VERDICT FORM

1. Do you find that Golden Dawn, Acosta Realty and Mr. Neves made a mutual mistake by inserting the Release Provisions into the February Promissory Note?

    ____ YES    ____ NO

If you have answered No to question #1, go to question # 2. If you have answered Yes to question #1, skip question #2 and go to question #3.

2. Do you find that Golden Dawn received something of value in exchange for its release of the December Promissory Note?

    ____ YES    ____ NO

If you have answered yes to question #2, you have found for Acosta Realty and Mr. Neves. If you have answered No to question #2, go to question #3.

    3.    Do you find that Golden Dawn incurred damages against Acosta Realty and Mr. Neves under the December Promissory Note?

    \_\_\_\_ YES    \_\_\_\_ NO

If you have answered No to question #3, you have found for Acosta Realty and Mr. Neves. If you have answered Yes to question #3, you should answer question #4.

    4.    What is the amount of money damages Golden Dawn incurred against Acosta Realty and Mr. Neves under the December Promissory Note?

    $_____.

Dated: _____, 2009
Miami, Florida


_____
Jury Foreperson