

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20381-CIV-O'SULLIVAN

[CONSENT]

Unsealed 12/26/2009

FILED by GME D.C.
INTAKE
OCT 09 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

GOLDEN DAWN CORPORATION,
a Panamanian corporation, and
MARKWOOD INVESTMENTS LIMITED,
a British Virgin Islands corporation,

    Plaintiffs,

v.

FABRIZIO DULCETTI NEVES, an individual,
and ACOSTA REALTY HOLDINGS LLC,
a Florida limited liability company,

    Defendants.
_____/

## PLAINTIFFS' *EX PARTE* MOTION FOR BREAK ORDER AND SUPPORTING MEMORANDUM OF LAW

    Plaintiffs / Judgment Creditors, Golden Dawn Corporation and Markwood Investments Limited (jointly and severally "Plaintiffs"), by and through their undersigned counsel, hereby file this *Ex Parte* Motion for Break Order and respectfully requests that this Court enter an order authorizing the U.S. Marshal's Service to enter - using force (including to break the door, locks and other hindrances) to gain such access if necessary – into 1710 South Miami Avenue, Miami, Florida (Defendant Neves' residence) and any additional land or building where property belonging to the Defendants / Judgment Debtors, Fabrizio Dulcetti Neves and/or Acosta Realty Holdings, LLC, may be located for purposes of levying on and seizing such property pursuant to a Writ of Execution issued by the Clerk of this Court in this proceeding. Plaintiffs further request that the Court enter an order sealing this motion and the Court's order on this motion so that defendants will not be alerted to this filing or the Court's order, pursuant to Plaintiff's Motion



to Seal filed with this Motion under S.D. Fla. L.R. 5.4. Plaintiff further requests that the Court provide four (4) certified copies of the Court's break order, if and when it issues, to Plaintiffs' counsel, Holland & Knight LLP, to provide to the U.S. Marshall's office. Once the seizure is accomplished, Plaintiffs will file a motion to unseal this motion and the Court's order. In support, Plaintiffs state:

1. On June 8, 2009, Plaintiff, Golden Dawn Corporation obtained a Partial Final Judgment against both Defendants in the total amount of $4,003,911.26, plus statutory interest at the rate of 8% per annum. [D.E. 96]

2. On June 8, 2009, Plaintiff, Markwood Investments Limited obtained a Partial Judgment against Defendant Acosta Realty Holdings, LLC in the total amount of $3,001,908.29, plus statutory interest at the rate of 8% per annum. [D.E. 96]

3. On October 5, 2009, both Plaintiffs obtained a separate Writ of Execution for their respective Judgments from this Court (the "Writs of Execution") [D.E. 133, 134 and 135].

4. It is Plaintiff Golden Dawn Corporation's intention to have the United States Marshal's Service serve the Writs of Execution issued to Defendant Fabrizio Dulcetti Neves and Acosta Realty Holdings, LLC and demand payment of the $4,003,911.26 Judgment (and interest through September 30, 2009). If neither Mr. Neves nor Acosta Realty Holdings have the cash to pay the Judgment on the day the Marshal's Service demands payment, it is Plaintiff's intention to immediately levy on Mr. Neves' and Acosta Realty Holdings's personal property..

5. Based on information and documentation gathered through discovery during this action, it is believed that Defendant Neves unlawfully used Plaintiffs' money to purchase personal items including but not limited to personal vehicles, clothing, jewelry, items for his household, art work, real estate, and generally defrauded Plaintiffs of millions of dollars.

6.  Defendant Fabrizio Dulcetti Neves even testified that he spent Plaintiffs money at his discretion in his September 19, 2008 deposition. Mr. Neves testified at page 78 of his deposition transcript:

> Q. You have said several times today these were loans made by Mr. Frieri on a discretionary basis. What do you mean by that?
> A. That I don't have an obligation to invest specifically in a specific project.
>
> Q. They are loans without restrictions on the use of the money?
> A. Yes.

This testimony is further proof that Defendants spent millions of dollars on whatever they deemed "discretionary".

7.  Plaintiffs have searched the public records to determine who owns the residence at which Defendants' personal property is located and found the residence is owned by a Florida limited liability company called 1710 S. Miami, LLC, and it's registered agent is a Miami attorney. 1710 S. Miami, LLC's only managing member is another company named Ilana Partners Limited, which Plaintiffs believe may be an offshore or foreign company because Ilana Partners Limited is not registered with the State of Florida, State of Delaware, or numerous other U.S. states Plaintiffs searched. It is Plaintiffs' contention that Defendant Fabrizio Dulcetti Neves has numerous corporations which own assets he has purchased with Plaintiffs' money; however Plaintiffs wanted this Honorable Court to be aware that the Defendants' residence is not owned in the names of the two Judgment Debtors, although they are believed to be beneficial owners.[1]

8.  All of Defendant's personal property, with the exception of certain limited exemptions from execution under Florida law, is subject to execution in satisfaction of Plaintiffs'

---

[1] Plaintiffs are in the process of gathering information and documents to support this contention and to possibly implead these various corporations and individuals into this action in aid of execution. Plaintiffs agreed to a 30-day extension to serve responses to their discovery in aid of execution but that deadline has passed. Defendants have agreed to serve the responses this week and, in the event the responses are not served, Plaintiffs will move the Court to compel responses.

Final Judgment. *See* Fla. Stat. §56.061 (2009) (governing what property is subject to execution). Defendant has the burden of asserting if he so chooses, with respect to particular item(s) of property, any applicable exemptions from execution under Florida law; Plaintiffs do not have the burden to establish that the particular items of property are subject to execution. *See* Fla. Stat. §222.061 (providing methods of exempting personal property from execution). *See also* Fla. Stat. §222.12 (outlining procedures for debtor to follow in order to claim exemption of property from execution).

9. Accordingly, Plaintiffs are entitled to immediately execute on Defendants' non-exempt property. However, absent this Court's entry of the Break Order sought herein, Plaintiffs and the U.S. Marshal Service would only be able to levy on any of Defendant's property that is located within their places of residence and business if they were able to access the structures and remove the property without breaching the peace. Therefore, as a practical matter, and absent the requested Break Order, Plaintiffs could only successfully execute on Defendant's property if the party or parties with control over the structures where the property is located voluntarily grant Plaintiffs and the U.S. Marshal Service access thereto. They most certainly will not do this.

10. Additionally, Plaintiff believes Defendant Neves has twenty four (24) hour surveillance and security at his 1710 South Miami Avenue residence, including a guard, who will most likely refuse Plaintiff and the U.S. Marshal Service access to the premises without a Break Order from this Court.

11. Based on the fact Defendants took millions of dollars from Plaintiffs as reflected in the partial final judgment, and the fact the Defendants have around the clock surveillance, it is not reasonable to believe that Defendants will voluntarily cooperate in Plaintiffs' efforts to levy

on his property. This Court should not permit Defendants to thwart the judicial system and to otherwise avoid execution on their property located within the jurisdiction of this Court. Accordingly, and for the reasons set forth herein, the requested Break Order is both necessary and just under these circumstances.

## MEMORANDUM OF LAW

### FED. R. CIV. P. 69(a)(1) PROVIDES THAT STATE LAW CONTROLS ENFORCEMENT OF FEDERAL JUDGMENTS IN THE ABSENCE OF SPECIFIC, CONTROLLING FEDERAL LAW

Federal Rule of Civil Procedure 69(a)(1) provides, in pertinent part, as follows:

> "**Money Judgment; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

There is no specific federal statute that governs post-judgment enforcement of money judgments such as this Court's Partial Final Judgment against Defendants.[2] Consequently, Florida post-judgment execution statutes and procedures apply to Plaintiffs' efforts to execute upon this Court's Final Judgment. *See Fehlhaber v. Fehlhaber*, 664 F.2d 260, 262 (11th Cir. 1981); *see also Comer v. City of Palm Bay*, 2001 WL 705612, *2 (M.D. Fla. 2001).

### DEFENDANTS ARE NOT ENTITLED TO RECEIVE NOTICE OF THE MOTION FOR BREAK ORDER

Because personal property in a debtor's home is likely to be portable and can be removed if notice of the requested Break Order is given, Break Orders are issued on a *ex parte* basis. *See*

---

[2] While there is no specific federal law governing the actual procedure to be followed with regard to execution on a judgment debtor's property, the Fifth and Second Circuits have concluded that United States Marshals, and not state sheriffs, are the appropriate officers to serve writs of execution issued by federal courts. *See United States v. St. Paul Mercury Insurance Company*, 361 F.2d 838, 839 (5th Cir. 1966). *See also Schneider v. National Railroad Passenger Corp. v. Miller*, 72 F.3d 17, 19 (2d Cir. 1995).

*Braswell v. Ryan Inv., LLC,* 2003 WL 354509, *3 (Fla. Cir. Ct. 2003) (upholding entry of *ex parte* post-judgment break order). In addition, Florida Statute § 56.021 provides that:

> **Executions; issuance and return, alias, etc.**—When issued, an execution is valid and effective during the life of the judgment or decree on which it is issued. When fully paid, the officer executing it shall make his or her return and file it in the court which issued the execution. If the execution is lost or destroyed, the party entitled thereto may have an alias, pluries or other copies on making proof of such loss or destruction by affidavit and filing it in the court issuing the execution.

Florida Statute §56.021 does not require notice to the judgment debtor for issuance of the initial writ of execution or a post-judgment break order.[3] Thus, "[a]fter rendition of a final judgment, a judgment debtor is not entitled to prior notice of a levy or entry of a break order." *See Braswell v. Ryan Investments, LLC,* 2003 WL 354509, *3 (Fla. Cir. Ct. 2003); *see also Bivins v. Wrap It Up, Inc.,* 2008 WL 3539733 at *2 (S.D. Fla. Aug. 13, 2008) (same). "[B]ecause of the reality that personal property in a debtor's home is often portable and can be relatively easily secreted or moved if advance notice of a levy is given, it is an appropriate procedure to for a judgment creditor to obtain a break order on an ex parte basis." *Braswell,* 2003 WL 354509, *3; *see also Bivins,* 2008 WL 3539733 at *2.

### THE FLORIDA REPLEVIN STATUTE, BY ANALOGY, SUPPORTS PLAINTIFFS' ENTITLEMENT TO A BREAK ORDER FOR PURPOSES OF ENFORCING THE WRIT OF EXECUTION ISSUED BY THIS COURT

The other Florida post-judgment enforcement procedure which lends insight into the

---

[3] In fact, the only section in Florida Statutes Chapter 56 (Final Process) which requires that notice be given to the judgment debtor is §56.21, the section which governs the sale of property *after* execution. Florida Statute §56.21 provides that before a sale under execution may occur, notice of such sale "shall be given by advertisement once each week for 4 successive weeks in a newspaper published in the county in which the sale is to take place" and "shall be furnished by the sheriff by certified mail to the attorney of record of the judgment debtor, or to the judgment debtor at the judgment debtor's last known address if the judgment debtor does not have an attorney of record."

procedure for enforcement of the Writs of Execution in the instant case is the Florida replevin statute -- Florida Statutes, Chapter 78.

Florida Statute §78.10 provides for the issuance of break orders to aid in the service and enforcement of writs of replevin:

> **Writ; execution of property in buildings or enclosures.**
> In executing the writ of replevin, if the sheriff has reasonable grounds to believe that the property or any part thereof is secreted or concealed in any dwelling house or other building or enclosure, the sheriff shall publicly demand delivery thereof; and, if it is not delivered by the defendant or some other person, the sheriff shall cause such house, building, or enclosure to be broken open and shall make replevin according to the writ; and, if necessary, the sheriff shall take to his or her assistance the power of the county. However, if the sheriff does not have reasonable grounds to believe that the property to be replevied is secreted or concealed in any dwelling house or other building or enclosure, *the plaintiff may petition the court for a "break order" directing the sheriff to enter physically any dwelling house or other building or enclosure. Upon a showing of probable cause by the plaintiff, the court shall enter such "break order."* (emphasis added).

Thus, pursuant to §78.10, Florida law authorizes a judgment creditor to have a sheriff (or, in the instance of a federal proceeding such as this, the U.S. Marshal) enter and break open any dwelling, building or enclosure in order to execute a writ of replevin against a defendant's personal property. Significantly, replevin is typically utilized as a pre-judgment remedy in order to secure and protect property of the defendant in which the plaintiff has a possessory interest while the rights of the parties are being finally adjudicated. In the instant case, Plaintiffs have already obtained a final judgment against Defendants, which entitles it as a matter of law to execute on Defendant's property in satisfaction of that judgment.

Only a few Florida cases even briefly mention the "break order" provision in §78.10. *See In re Rogers*, 251 B.R. 626, 627 (N.D. Fla. 2000); *Gangelhoff v. Transamerica Commercial Finance Corp.*, 611 So.2d 1333, 1334 (Fla. 2d DCA 1993); *I.A. Durbin, Inc. v. Jefferson*

*National Bank*, 793 F.2d 1541, 1545 (11th Cir. 1986). Of these cases, only *Durbin* expressly discusses § 78.10 and cites that statute in support of its finding that a sheriff had authority "to enter a locked building to execute a writ of replevin if he has 'reasonable grounds' to believe that the concealed property is on the premises." *Id.* Such "reasonable grounds" exist in the instant case as well as probable cause for the issuance of a break order, as evidenced by the facts set forth herein

As stated above, it is believed that Defendant used the loans from Plaintiff to purchase expensive personal items, including but not limited to, vehicles, jewelry, household items, art work, real estate and other luxuries. Again, however, the levy is not restricted to personalty purchased with those funds, but extends to all Defendants' property not otherwise exempt. Defendant Neves resides at the 1710 South Miami Avenue address. Four cars in his name regularly park in front of that residence, behind the guarded dates, and those vehicles are subject to execution to satisfy the judgment. There is thus probable cause under Florida Statutes §78.10 "to believe that the property or any part thereof is secreted or concealed in any dwelling house or other building or enclosure," that is, within Mr. Neves' residence. Although the home is not nominally owned in the name of Mr. Neves or his company, Defendant Acosta Realty, he resides there, parks his cars there, and thus most certainly he has much more of his personal property inside the residence.

It is reasonable to believe that if the U.S. Marshal goes to the Defendants' residence or other locations where property may be located without a Break Order and is unable to enter the premises because either the Defendant Neves is not home or refuses to answer the door, the Defendants will find out about Plaintiffs' efforts and will move or hide all non-exempt personal property. Accordingly, there is probable cause to include as part of Plaintiffs' execution efforts

the requested Break Order, as well as direction to the Court Clerk that this motion and the court's order on this motion be sealed so that notice is not sent to Defendants' counsel of the filing of these sealed papers.

WHEREFORE, Plaintiffs respectfully request that this Court grant its *Ex Parte* Motion for a Break Order and enter an Order authorizing the U.S. Marshal's Service to physically enter Defendant's residences and properties, using force (including the force to break the door, locks and other hindrances) to gain such access if necessary, for purposes of serving and enforcing the Writ of Execution.

Plaintiffs further request that the Court instruct the Court Clerk to seal this motion and the court's order on this motion pending the filing of a motion by Plaintiffs to unseal the paper upon the Marshal's completed execution and seizure of the Defendants/Judgment Debtors' assets.

Plaintiffs further request that the Clerk of the Court be directed to provide four (4) certified copies of the executed Break Order to Plaintiffs' counsel.

Dated: October 9th, 2009.

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for Plaintiffs/Judgment Creditors*

By: _____
Alex M. Gonzalez, Esq.
Florida Bar No. 991200
Email: alex.gonzalez@hklaw.com
Brett A. Barfield
Florida Bar No. 0192252
Email: brett.barfield@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

# 8880796_v2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20381-CIV-O'SULLIVAN
[CONSENT]

GOLDEN DAWN CORPORATION,
a Panamanian corporation, and
MARKWOOD INVESTMENTS LIMITED,
a British Virgin Islands corporation,

      Plaintiffs,

v.

FABRIZIO DULCETTI NEVES, an individual,
and ACOSTA REALTY HOLDINGS LLC,
a Florida limited liability company,

      Defendants.
_____/

## BREAK ORDER

THIS CAUSE came before the Court on Plaintiffs/Judgment Creditors' *Ex Parte* Motion for Break Order. Having considered the Motion and the basis for the relief requested therein, having knowledge of Plaintiffs' attempts to obtain discovery in aid of execution, and otherwise being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiffs' *Ex Parte* Motion for Break Order is hereby **GRANTED**;

2. After signature by this Court, the Clerk of the Court for this District shall certify four (4) copies of this Break Order and provide copies to Plaintiffs/Judgment Creditors' counsel, Holland & Knight LLP or their appointed representative.

3. After knocking and announcing the United States Marshal's presence and request to gain entry, if any resident, tenant or security guard refuses entry or if no one is

CASE NO. 08-20___-CIV-O'SULLIVAN
*Break Order*

home, the U.S. Marshal shall enter any building, residence, condominium, enclosure, garage or other structure located thereon at 1710 South Miami Avenue, Miami, Florida 33129, using force if necessary (including the force to break any locks, doors, outer door, gates, or other hindrance), in order to execute and enforce the Writs of Execution issued in the subject action and to levy on and seize property in possession of the Defendants in order to satisfy the Partial Final Judgment, jointly and severally, in this matter; and

4. The U.S. Marshal, or its authorized representative, is also permitted to remove, pick the lock, and/or open any safe or lock box contained in or on the property of the named Defendants.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this ____ day of October, 2009.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:

Counsel for Plaintiffs

# 8883741_v1