UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20381-CIV-O'SULLIVAN

Golden Dawn Corporation, *et al.*,

        Plaintiffs,

v.

Fabrizio Dulcetti Neves, *et al.*,

        Defendants.
_____/

**MOTION TO VACATE DEFAULT, MOTION TO VACATE
JUDGMENT AND MOTION TO DISMISS CASE FOR LACK
OF SUBJECT MATTER JURISDICTION**

Defendant Acosta Realty Holdings, LLC ("Acosta"), by and through undersigned counsel, moves (the "Motion") to vacate this Court's (a) order granting partial summary judgment on counts 2, 4, and 5 of the complaint with respect to liability [D.E. 70],[1] (b) partial judgment on counts 4 and 5 of the complaint with respect to damages, attorneys fees, and costs [D.E. 87, 96, 129, and 130], and (c) order granting default judgment [D.E. 245], pursuant to Rule 60(b)(4) and (6), Fed. R. Civ. P., and to dismiss this action for lack of subject matter jurisdiction pursuant ton Rule 12(h)(3), Fed. R. Civ. P.  In support of the Motion, Acosta states as follows:

**Introduction**

1.      This is an alleged "diversity jurisdiction" case.

2.      However, all of the parties are foreign.

3.      There is no party from the United States.

4.      Accordingly, this Court lacks subject matter jurisdiction to consider the matter.

---

[1] References to this Court's docket in this matter shall be made as follows "[D.E. ___]."

**Relevant Facts Demonstrating Lack of Jurisdiction**

*The Lawsuit*

5.  On February 13, 2008, Golden Dawn Corporation and Markwood Investments, Ltd. (collectively, the "Plaintiffs"), filed their complaint (the "Complaint") against Fabrizio Dulcetti Neves and Acosta (collectively, the "Defendants") initiating the instant lawsuit [D.E. 1].

6.  On December 2, 2008, the Plaintiffs amended their complaint (the "Amended Complaint") [D.E. 40].

7.  The Amended Complaint asserts 5 separate counts.[2]

*The Parties*

8.  The Plaintiffs are foreign entities.

9.  Proof of this fact can be found in the Complaint and the Amended Complaint, which identifies Golden Dawn Corporation ("Golden Dawn") and Markwood Investments Limited ("Markwood") as a Panamanian corporation and a British Virgin Islands Corporation, respectively [D.E. 1 at ¶¶ 1-2; D.E. 40 at ¶¶ 1-2].

10. Fabrizio Dulcetti Neves ("Neves") is a citizen of Italy and Brazil who resides in the United States on a temporary E2 investment visa that expires on March 16, 2010. A true and correct copy of Neves' passports and visa are attached hereto as Composite Exhibit "A".

11. Acosta is a Florida *limited* liability company, whose sole member is Neves.

*The Judgments*

12. On July 28, 2008, the Plaintiffs moved for judgment on the pleadings on count 3 of

---

[2] The amended complaint contains counts 1, 2, 3, 4, and a second count 4. For purposes of this Motion, and consistent with the documents filed in this case, Acosta will refer to the second count 4 as count 5.

the Complaint [D.E. 29].

13.     On December 1, 2008, the Court entered an order denying without prejudice the motion regarding count 3 as moot [D.E. 39].

14.     On March 11, 2009, the Plaintiffs moved for summary judgment on counts 2, 4, and 5 of the Amended Complaint [D.E. 63].

15.     On March 16, 2009, the Court entered an order granting summary judgment for Plaintiffs as to liability on counts 2, 4, and 5 [D.E. 70].

16.     On April 3, 2009, the Plaintiffs moved for summary judgment for damages on counts 4 and 5 [D.E. 74].

17.     On June 1, 2009 and June 8, 2009, the Court entered partial judgment for the Plaintiffs for damages on counts 4 and 5 [D.E. 87 and 96].

18.     On August 26, 2009, the Court entered partial judgment for the Plaintiffs for attorneys fees and costs on counts 4 and 5 [D.E. 129 and 130].

*The Lawsuit Remains Pending*

19.     This Court has not entered judgment on counts 1 and 3 of the Amended Complaint, and has not entered a judgment on damages on count 2 of the Amended Complaint.

20.     Consequently, the case remains pending with respect to Counts 1, 2, and 3 of the Amended Complaint.

**Memorandum of Law**[3]

21. The Federal Rules of Civil Procedure require defendants to raise certain defenses prior to the closing of the pleadings, or those defenses will be forever waived. Rule 12(b) and (h)(1), Fed. R. Civ. P.

22. Subject matter jurisdiction is not such a defense.

23. In fact, because subject matter jurisdiction involves a court's power to hear a case, it can never be waived. *Arbaugh v. Y&H Corporation*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006).

24. As such, "courts... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id*.

25. For the reasons set forth below, this court lacks subject matter jurisdiction to consider the instant case, and the relief requested below should be granted.

### I.   This Court Lacks Subject Matter Jurisdiction

#### A.   Diversity Jurisdiction

26. In their Complaint, Amended Complaint, and Civil Cover Sheet the Plaintiffs assert that this Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) ("Section 1332(a)"). [D.E. 1 at ¶ 7; D.E. 1 at page 27, section VI; and D.E. 40 at ¶ 7]

27. In other words, the Plaintiffs assert "diversity jurisdiction".

28. According to Section 1332(a), a federal district court possesses jurisdiction to

---

[3] The following memorandum of law is incorporated into the Motion pursuant to Local Rule 7.1(A)(1).

adjudicate a "matter in controversy that exceeds the sum of $75,000[4] and is between -

    (1)    citizens of different States;
    (2)    citizens of a State and citizens or subjects of a foreign state;
    (3)    citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4)    a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

29. Section 1332(a) was enacted by congress to provide a forum for citizens of different states to prevent unfair treatment by local tribunals. *Dresser Industries, Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3rd Cir. 1997) (citing 1 Moore's Federal Practice ¶ 0.71[3.-1], at 709).

30. However, the scope of Section 1332(a) is not unlimited.

**B. *Diversity Jurisdiction Does Not Extend to Cases in which All Parties are Citizens or Subjects of a Foreign State***

31. Section 1332(a) requires that United States citizens be parties to an action before a federal district court will possess subject matter jurisdiction.

32. Furthermore, section 1332(a) does not contemplate that the courts of the United States would be used as a forum for foreign citizens to resolve their mutual disputes. *U.S. Motors v. General Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008).

33. That is precisely what the Plaintiffs have done in this case.

**C. *Each of the Plaintiffs and Defendants are Citizens or Subjects of a Foreign State***

    *1.    Plaintiffs*

34. The Plaintiffs assert that they are foreign citizens in both the Complaint and the

---

[4] Acosta does not dispute the amount in controversy and for purposes of this Motion will focus solely on the diversity of citizenship requirements under Section 1332(a).

Amended Complaint [D.E. 1 at ¶¶ 1-2; D.E. 40 at ¶¶ 1-2].

35. The Plaintiffs similarly noted in their civil cover sheet that they are foreign citizens [D.E. 1 at page 27, section III].

36. The Defendants have not contested the Plaintiffs' foreign citizenship and as such it is not only undisputed, but admitted for purposes of this case. *See Lofton v. Kearney*, 157 F. Supp. 2d 1372, 1375 n. 3 (S.D. Fla. 2001) (admissions in pleadings are deemed judicial admissions and binding on the party that made them). *See also Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997) (courts may refer to any material record when considering a court's exercise of subject matter jurisdiction).

### 2. Neves

37. The Defendants are also foreign citizens.

38. Neves is a citizen of two foreign countries – Italy and Brazil.

39. It is irrelevant that Neves presently resides in the State of Florida (and more generally in the United States).

40. A foreign citizen is deemed to be a citizen of the United States for diversity purposes only when that citizen has "permanent residence" in the United States. 28 U.S.C. § 1332(a).

41. Neves is not a permanent resident of the United States. Neves is in the United States on a temporary nonimmigrant E2 investment visa. Although the visa is renewable indefinitely, it does not offer Neves permanent residence. *Kato v. County of Westchester*, 927 F. Supp. 714, 715-716 (S.D. N.Y. 1996). *See Foy v. Shantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349-1350 (11th Cir. 1997) (Section 1332(a) does not apply persons who are not permanent residents of the United Status under applicable immigration laws or standards).

42. Consequently, by holding an E2 visa, Neves is a citizen of a foreign state for purposes

of Section 1332(a). *Kato v. County of Westchester*, 927 F. Supp. at 715-716.

### 3. *Acosta*

43. Likewise, Acosta is a foreign citizen.

44. Acosta is a limited liability company, not a corporation.

45. Accordingly, the standards for determining citizenship of a corporation contained in 28 U.S.C. § 1332(c) is not applicable here.

46. The citizenship of a limited liability company flows from the citizenship of its members, not from the state in which it is formed or where it does business - Florida in the case of Acosta. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). *See also General Technology Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004).

47. Neves is Acosta's sole member and, because Neves is a citizen of a foreign State, Acosta is also a citizen of a foreign state for purposes of Section 1332(a).

### D. *No Subject Matter Jurisdiction*

48. Each of the parties in this case are citizens or subjects of a foreign state.

49. Therefore, this Court does not possess subject matter jurisdiction.[5]

## II. *The Case Should be Dismissed*

50. Rule 12(h)(3), Fed. R. Civ. P., states that "If the court determines <u>at any time</u> that it

---

[5] This conclusion would be equally true even if Neves or Acosta were considered to be citizens of the United States. In cases where one side of a case is represented by a foreign citizen and the other side of a case is represented by a foreign citizen and a citizen of the United States, a federal district court lacks subject matter jurisdiction. *See, e.g., U.S. Motors v. General Motors Europe*, 551 F.3d 420, 422 (6th Cir. 2008); *General Technology Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120-121 (4th Cir. 2004); *Universal Licensing Corp. v. Paola del Lungo S.P.A.*, 293 F.3d 579, 580-581 (3rd Cir. 2002).

lacks subject matter jurisdiction, the court must dismiss the action. [Emphasis added.]"

51. As detailed above, this court lacks subject matter jurisdiction over this case because each of the parties are citizens or subjects of a foreign state.

52. The fact that Acosta did not contest jurisdiction previously, that this court entered judgment on certain counts in the Amended Complaint, and that Acosta did not appeal the entry of that judgment is irrelevant. *See Alliance of American Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (fact that parties did not contest jurisdiction does not confer jurisdiction on the court).

53. "So long as a case is pending, the issue of federal jurisdiction may be raised at any stage of the proceedings either by the parties or by the court on its own motion." *Ramey Construction Company, Inc. v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir. 1982) (citing 1 Moore's Federal Practice P 0.60(4) (2d. ed. 1981)).

54. Because the instant case is still pending and because this court does not possess subject matter jurisdiction, this case (including all pending counts and even those counts on which judgment has been entered based upon the discussion set forth below) must be dismissed pursuant to Rule 12(h)(3), Fed. R. Civ. P. *See also Creaciones con Idea, S.A. v. Mashreqbank PSC*, 75 F. Supp.2d 279, 281 (S.D. N.Y. 1999) (citing *United Food & Commercial Works Union, Local 919*, 30 F.3d 298, 300 (2d Cir. 1994) (dismissing a case for lack of subject matter jurisdiction is mandatory).

### III.   The Judgments Should be Vacated

    **A.   Rule 60(b) Provides a Means to Initiate a Direct (as Opposed to Collateral) Attack on the Validity of Judgments**

55. Rule 60(b), Fed R. Civ. P., provides:

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    \* \* \*
    (4)  the judgment is void;
    \* \* \*
    (6)  any other reason that justifies relief."

56. Because a court has no discretion to deny Rule 60(b) relief once a judgment is declared to be void, the movant carries the burden to demonstrate why a judgment is void. *Chambers v. Armontrout*, 16 F.3d 257, 260 (8th Cir. 1994).

57. A movant may satisfy that burden by demonstrating that the court that rendered the judgment (a) lacked jurisdiction of the subject matter or of the parties, (b) acted in a manner inconsistent with due process of law, <u>or</u> (c) was powerless to enter it. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citations omitted).

58. If a Rule 60(b) motion is filed as part of a collateral attack on a judgment, the standard becomes more stringent and the moving party is often required to demonstrate that the court usurped its powers or other extraordinary factors. *See Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 649 (1st Cir. 1972).

59. However, Rule 60(b) relief is by definition a direct attack on a judgment because it is generally brought in the same court, in the same case, while that case is still pending. *See Ramey*, 673 F.2d at 318.

60. And when a judgment is entered by a court that lacks subject matter jurisdiction, the judgment is void as a matter of law and must be vacated.[6] *United States v. Forma*, 42 F.3d 759, 762

---

[6] Some courts suggest that a movant under Rule 60(b)(4) must make an additional showing that the court did not have an arguable basis to accept jurisdiction. *See In re Acorn Hotels*, LLC, 251 B.R. 696, 702 (Bankr. W.D. Tex. 2000). Even under this requirement (which generally requires more than error on the part of the court), the court did not have <u>any</u> basis to accept jurisdiction over the subject matter given the facts in this case and the lack of any evidence of the parties' citizenship, which is the determinative factor under Section 1332(a).

(2d Cir. 1994); *KAO HWA Shipping Co., S.A. v. China Steel Corp.*, 816 F. Supp. 910, 913 (D.N.Y. 1993).

### B.     *The Judgments Are Void*

61.     Here, the court did not and does not possess subject matter jurisdiction.

62.     Section 1332(a) and the cases interpreting consistently hold that diversity jurisdiction is not available where <u>all</u> of the parties are foreign citizens.  See above.

63.     That is precisely the case here.

64.     The Plaintiffs' complaints and civil cover sheet confirm that the Plaintiffs are foreign citizens and no one has ever suggested otherwise.

65.     The fact that the Plaintiffs asserted that Neves resides in the United States or that Acosta operated in the United States is not determinative.

66.     Residence is generally not a factor in the analysis under Section 1332(a).

67.     Indeed, Section 1332(a) focuses on citizenship.

68.     The Plaintiffs have not asserted that the Defendants are United States citizens.

69.     And as stated multiple times above, the Defendants are not United States citizens or even permanent residents of the United States - and indeed they cannot be in light of Neves' immigration status.

70.     Because these facts impact the exercise of subject matter jurisdiction, because subject matter jurisdiction involves a court's power to hear a case and can never be waived, and because courts have an independent obligation to determine whether subject matter jurisdiction exists, even when not challenged (like the Defendants in this case), this court lacked the power to enter the Judgments against the Defendants.  *Arbaugh v. Y&H Corporation*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006).

71.     Based upon the foregoing, the Judgments must be vacated.

## Conclusion

Wherefore, Acosta respectfully requests entry of an order (a) granting the Motion, (b) vacating D.E. 70, 87, 96, 129, 130, and 245, (c) dismissing this action in its entirety, and (d) granting such other and further relief as this Court deems appropriate under the circumstances.

## Certificate of Good Faith Conference

I hereby certify that counsel for the movant is not required to confer with all parties or non-parties who may be affected by the relief sought in this motion because this motion seeks dispositive relief by way of a motion to dismiss (as well as a motion to vacate judgments) which by local rule do not require such a conference. See Local Rule 7.1(A)(3).

Dated: January 20, 2010.

>    **MARKOWITZ, DAVIS, RINGEL & TRUSTY, P.A.**
>    *Attorneys for Acosta Realty Holdings, LLC*
>    Two Datran Center, Suite 1225
>    9130 South Dadeland Boulevard
>    Miami, Florida 33156-7849
>    Telephone: (305) 670-5000
>    Facsimile: (305) 670-5011
>    E-mail: rhartog@mdrtlaw.com
>
>    BY:    /s/ Ross R. Hartog
>           ROSS R. HARTOG
>           (Florida Bar No. 272360)

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via e-mail through the Court's BNC on January 19, 2010 to all interested parties on the attached service list.

>    BY:    /s/ Ross R. Hartog
>           ROSS R. HARTOG

**Service List**

Ross R. Hartog
*Counsel for Acosta Realty Holdings, LLC*
Markowitz Davis Ringel & Trusty, P.A.
Two Datran Center, Suite 1225
9130 South Dadeland Boulevard
Miami, Florida 33156-7849
Telephone: (305) 670-5000
Facsimile: (305) 670-5011
E-mail: rhartog@mdrtlaw.com

Alex M. Gonzalez
*Counsel for Plaintiffs*
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
Telephone: 305-789-7666
Facsimile: 679-6332
Email: alex.gonzalez@hklaw.com

J. Raul Cosio
*Counsel for Plaintiffs*
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
Telephone: 305-374-8500
Facsimile: 789-7799
Email: raul.cosio@hklaw.com

Rebecca M. Plasencia
*Counsel for Plaintiffs*
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
Telephone: 305-789-7695
Facsimile: 789-7799
Email: rebecca.plasencia@hklaw.com

Brett Alan Barfield
*Counsel for Plaintiffs*
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
Telephone: 305-789-7661
Facsimile: 789-7799
Email: brett.barfield@hklaw.com

Stephen A. Mendelsohn
*Counsel for Defendants*
Greenberg Traurig et al
5100 Town Center Circle
Suite 400
Boca Raton, FL 33486
Telephone: 561-955-7600
Facsimile: 338-7099
Email: mendelsohns@gtlaw.com

Geoffrey Michael Cahen
*Counsel for Defendants*
Greenberg Traurig et al
5100 Town Center Circle
Suite 400
Boca Raton, FL 33486
Telephone: 561-955-7600
Facsimile: 561-659-9113
Email: caheng@gtlaw.com