**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-20381-CIV-O'SULLIVAN**

Golden Dawn Corporation, *et al.*,

                Plaintiffs,

v.

Fabrizio Dulcetti Neves, *et al.*,

                Defendants.

_____/

**MOTION TO VACATE  AND MOTION TO DISMISS CASE FOR LACK**
**OF SUBJECT MATTER JURISDICTION**

       Defendant Fabrizio D. Neves ("Neves"), by and through undersigned counsel[1], moves to vacate this Court's (a) order granting partial summary judgment on counts 2, 4, and 5 of the complaint with respect to liability [D.E. 70],[2] (b) partial judgment on counts 4 and 5 of the complaint with respect to damages, attorneys fees, and costs [D.E. 87, 96, and 130], and (c) writ of execution [D.E. 134], pursuant to Rule 60(b)(4) and (6), Fed. R. Civ. P., and to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P. (the "Motion").  In support of the Motion, Neves states as follows:

<u>**Introduction**</u>

    1.      This is an alleged "diversity jurisdiction" case.

    2.      However, all of the parties are foreign.

    3.      There is no party from the United States.

    4.      Accordingly, this Court lacks subject matter jurisdiction to consider the matter.

_____

[1] Contemporaneous with the filing of this Motion, undersigned counsel has filed a Stipulation for Substitution of Counsel and Unopposed Motion to Approve Stipulation, D.E. #254.

<u>**Relevant Facts Demonstrating Lack of Jurisdiction**</u>

*The Lawsuit*

5.       On February 13, 2008, Golden Dawn Corporation and Markwood Investments, Ltd. (collectively, the "Plaintiffs"), filed their complaint (the "Complaint") against Fabrizio Dulcetti Neves and Acosta Realty Holdings, LLC ("Acosta") (collectively, the "Defendants") initiating the instant lawsuit [D.E. 1].

6.       On December 2, 2008, the Plaintiffs amended their complaint (the "Amended Complaint") [D.E. 40].

7.       The Amended Complaint asserts 5 separate counts.[3]

*The Parties*

8.       The Plaintiffs are foreign entities.

9.       Proof of this fact can be found in the Complaint and the Amended Complaint, which identifies Golden Dawn Corporation ("Golden Dawn") and Markwood Investments Limited ("Markwood") as a Panamanian corporation and a British Virgin Islands Corporation, respectively [D.E. 1 at ¶¶ 1-2; D.E. 40 at ¶¶ 1-2].  Furthermore, the Plaintiffs have each admitted that their respective principal place of business is Rome, Italy.  *See* Case No.:10-02122-LMI, United States Bankruptcy Court, Southern District of Florida, C.P. # 1 at ¶¶ 4-5.

10.     Neves is a citizen of Italy and Brazil who resides in the United States on a temporary E2 investment visa that expires on March 16, 2010.  A true and correct copy of Neves's passports and visa are attached hereto as Composite Exhibit "A".

---

[2] References to this Court's docket in this matter shall be made as follows "[D.E. __]."

[3] The amended complaint contains counts 1, 2, 3, 4, and a second count 4.  For purposes of this Motion, and consistent with the documents filed in this case, Neves will refer to the

11.     Acosta is a Florida limited liability company, whose sole member is Neves.

*The Judgments*

12.     On July 28, 2008, the Plaintiffs moved for judgment on the pleadings on count 3 of the Complaint [D.E. 29].

13.     On December 1, 2008, the Court entered an order denying without prejudice the motion regarding count 3 as moot [D.E. 39].

14.     On March 11, 2009, the Plaintiffs moved for summary judgment on counts 2, 4, and 5 of the Amended Complaint [D.E. 63].

15.     On March 16, 2009, the Court entered an order granting summary judgment for Plaintiffs as to liability on counts 2, 4, and 5 [D.E. 70].

16.     On April 3, 2009, the Plaintiffs moved for summary judgment for damages on counts 4 and 5 [D.E. 74].

17.     On June 1, 2009 and June 8, 2009, the Court entered partial judgment for the Plaintiffs for damages on counts 4 and 5 [D.E. 87 and 96].

18.     On August 26, 2009, the Court entered partial judgment for the Plaintiffs for attorneys fees and costs on counts 4 and 5 [D.E. 129 and 130].

*The Lawsuit Remains Pending*

19.     This Court has not entered judgment on counts 1 and 3 of the Amended Complaint, and has not entered a judgment on damages on count 2 of the Amended Complaint.

20.     Consequently, the case remains pending with respect to Counts 1, 2, and 3 of the Amended Complaint, subject to the provisions of 11 U.S.C. § 362.

*Authority to File this Motion*

---

second count 4 as count 5.

21.     Neves filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") on October 23, 2009 in the United Stated Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). The Bankruptcy Proceedings are pending before the Hon. Laurel Isicoff.  Joel Tabas serves as the chapter 7 trustee for Neves's estate (the "Trustee").

22.     Although Neves does not believe that the actions taken herein constitute property of the bankruptcy estate pursuant to Section 541 of the Bankruptcy Code, nor that such actions would violate any provision of Section 362 of the Bankruptcy Code, in an abundance of caution, Neves sought Bankruptcy Court's authority to file and prosecute the instant Motion.  The Bankruptcy Court held a hearing on Neves's motion on February 9, 2010, and the Trustee did not oppose the relief sought therein.

23.     On February 16, 2010, the Bankruptcy Court entered an order specifically authorizing Neves to file and prosecute this Motion.  A true and correct copy of the Bankruptcy Court's order is attached hereto as Exhibit "B."

### Memorandum of Law[4]

24.     The Federal Rules of Civil Procedure require defendants to raise certain defenses prior to the closing of the pleadings, or those defenses will be forever waived.  Rule 12(b) and (h)(1), Fed. R. Civ. P.

25.     Subject matter jurisdiction is not such a defense.

26.     In fact, because subject matter jurisdiction involves a court's power to hear a case, it can never be waived.   *Arbaugh v. Y&H Corporation*, 546 U.S. 500, 514, 126 S. Ct. 1235,

---

[4] The following memorandum of law is incorporated into the Motion pursuant to Local Rule 7.1(A)(1).

1244 (2006).

27.     As such, "courts... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id*.

28.     For the reasons set forth below, this court lacks subject matter jurisdiction to consider the instant case, and the relief requested below should be granted.

**I.      This Court Lacks Subject Matter Jurisdiction**

      **A.      Diversity Jurisdiction**

29.     In their Complaint, Amended Complaint, and Civil Cover Sheet the Plaintiffs assert that this Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) ("Section 1332(a)").  [D.E. 1 at ¶ 7; D.E. 1 at page 27, section VI; and D.E. 40 at ¶ 7]

30.     In other words, the Plaintiffs assert "diversity jurisdiction".

31.     According to Section 1332(a), a federal district court possesses jurisdiction to adjudicate a "matter in controversy that exceeds the sum of $75,000[5] and is between -

    (1)     citizens of different States;
    (2)     citizens of a State and citizens or subjects of a foreign state;
    (3)     citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4)     a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

32.     Section 1332(a) was enacted by congress to provide a forum for citizens of different states to prevent unfair treatment by local tribunals. *Dresser Industries, Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3rd Cir. 1997) (citing 1 Moore's Federal Practice ¶ 0.71[3.-1], at 709).

33.     However, the scope of Section 1332(a) is not unlimited.

_____

[5] Neves does not dispute the amount in controversy and for purposes of this Motion will focus solely on the diversity of citizenship requirements under Section 1332(a).

**B.      Diversity Jurisdiction Does Not Extend to Cases in which
           All Parties are Citizens or Subjects of a Foreign State**

34.      Section 1332(a) requires that United States citizens be parties to an action before a federal district court will possess subject matter jurisdiction.

35.      Furthermore, section 1332(a) does not contemplate that the courts of the United States would be used as a forum for foreign citizens to resolve their mutual disputes.  *U.S. Motors v. General Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008).

36.      That is precisely what the Plaintiffs have done in this case.

**C.      Each of the Plaintiffs and Defendants are Citizens
           or Subjects of a Foreign State**

        *1.      Plaintiffs*

37.      The Plaintiffs assert that they are foreign citizens in both the Complaint and the Amended Complaint [D.E. 1 at ¶¶ 1-2; D.E. 40 at ¶¶ 1-2].

38.      The Plaintiffs similarly noted in their civil cover sheet that they are foreign citizens [D.E. 1 at page 27, section III].

39.      The Defendants have not contested the Plaintiffs' foreign citizenship and as such it is not only undisputed, but admitted for purposes of this case. *See Lofton v. Kearney*, 157 F. Supp. 2d 1372, 1375 n. 3 (S.D. Fla. 2001) (admissions in pleadings are deemed judicial admissions and binding on the party that made them).  *See also Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997) (courts may refer to any material record when considering a court's exercise of subject matter jurisdiction).

        *2.      Neves*

40.      The Defendants are also foreign citizens.

41.      Neves is a citizen of two foreign countries – Italy and Brazil.

42.     It is irrelevant that Neves recently resided in the State of Florida (and more generally in the United States).

43.     A foreign citizen is deemed to be a citizen of the United States for diversity purposes only when that citizen has "permanent residence" in the United States.  28 U.S.C. § 1332(a).

44.     Neves is not a permanent resident of the United States.  Neves is in the United States on a temporary nonimmigrant E2 investment visa.  Although the visa is renewable indefinitely, it does not offer Neves permanent residence.  *Kato v. County of Westchester*, 927 F. Supp. 714, 715-716 (S.D. N.Y. 1996).  *See Foy v. Shantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349-1350 (11th Cir. 1997) (Section 1332(a) does not apply persons who are not permanent residents of the United Status under applicable immigration laws or standards).

45.     Consequently, by holding an E2 visa, Neves is a citizen of a foreign state for purposes of Section 1332(a).  *Kato v. County of Westchester*, 927 F. Supp. at 715-716.

            *3.     Acosta*

46.     Likewise, Acosta is a foreign citizen.

47.     Acosta is a limited liability company, not a corporation.

48.     Accordingly, the standards for determining citizenship of a corporation contained in 28 U.S.C. § 1332(c) is not applicable here.

49.     The citizenship of a limited liability company flows from the citizenship of its members, not from the state in which it is formed or where it does business - Florida in the case of Acosta.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  *See also General Technology Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004).

50. Neves is Acosta's sole member and, because Neves is a citizen of a foreign State, Acosta is also a citizen of a foreign state for purposes of Section 1332(a).

### D. No Subject Matter Jurisdiction

51. Each of the parties in this case is a citizen or subject of a foreign state.

52. Therefore, this Court does not possess subject matter jurisdiction.[6]

## II. The Case Should be Dismissed

53. Rule 12(h)(3), Fed. R. Civ. P., states that "If the court determines <u>at any time</u> that it lacks subject matter jurisdiction, the court must dismiss the action. [Emphasis added.]"

54. As detailed above, this court lacks subject matter jurisdiction over this case because each of the parties are citizens or subjects of a foreign state.

55. The fact that Neves did not contest jurisdiction previously, that this court entered judgment on certain counts in the Amended Complaint, and that Neves did not appeal the entry of that judgment is irrelevant. *See Alliance of American Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (fact that parties did not contest jurisdiction does not confer jurisdiction on the court); *see also Bender v. Williamsport Area School Distr.*, 475 U.S. 534, 541 (1986) (on appeal, "'if the record discloses that the lower court was without jurisdiction [the appellate court] will notice the defect, although the parties make no contention concerning it. [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.'") (quoting *United*

---

[6] This conclusion would be equally true even if Neves or Acosta were considered to be citizens of the United States. In cases where one side of a case is represented by a foreign citizen and the other side of a case is represented by a foreign citizen and a citizen of the United States, a federal district court lacks subject matter jurisdiction. *See, e.g., U.S. Motors v. General Motors Europe*, 551 F.3d 420, 422 (6th Cir. 2008); *General Technology Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120-121 (4th Cir. 2004); *Universal Licensing Corp. v. Paola del Lungo S.P.A.*, 293 F.3d 579, 580-581 (3rd Cir. 2002).

*States v. Corrick*, 298 U.S. 435, 440 (1936)).

56.     "So long as a case is pending, the issue of federal jurisdiction may be raised at any stage of the proceedings either by the parties or by the court on its own motion." *Ramey Construction Company, Inc. v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir. 1982) (citing 1 <u>Moore's Federal Practice</u> P 0.60(4) (2d. ed. 1981)).  In fact, "'[a] federal court not only has the power but also the obligation *at any time* to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.'" *Amnesty Int'l v. Battle*, 559 F.3d 1170, 1177 (11th Cir. 2009) (quoting *Johansen v. Combustion Eng'g, Inc.* 170 F.3d 1320, 1328 n.4 (11th Cir. 1999)) (emphasis added).

57.     Because the instant case is still pending and because this court does not possess subject matter jurisdiction, this case (including all pending counts and even those counts on which judgment has been entered based upon the discussion set forth below) must be dismissed pursuant to Rule 12(h)(3), Fed. R. Civ. P.  *See also Creaciones con Idea, S.A. v. Mashreqbank PSC*, 75 F. Supp.2d 279, 281 (S.D. N.Y. 1999) (citing *United Food & Commercial Works Union, Local 919*, 30 F.3d 298, 300 (2d Cir. 1994) (dismissing a case for lack of subject matter jurisdiction is mandatory).

**III.    *The Judgments Should be Vacated***

      **A.    *Rule 60(b) Provides a Means to Initiate a Direct (as Opposed to Collateral) Attack on the Validity of Judgments***

58.     Rule 60(b), Fed R. Civ. P., provides:

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> * * *
> (4)     the judgment is void;
> * * *
> (6)     any other reason that justifies relief."

59.     Because a court has no discretion to deny Rule 60(b) relief once a judgment is declared to be void, the movant carries the burden to demonstrate why a judgment is void. *Chambers v. Armontrout*, 16 F.3d 257, 260 (8th Cir. 1994).

60.     A movant may satisfy that burden by demonstrating that the court that rendered the judgment (a) lacked jurisdiction of the subject matter or of the parties, (b) acted in a manner inconsistent with due process of law, or (c) was powerless to enter it.  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citations omitted).

61.     If a Rule 60(b) motion is filed as part of a collateral attack on a judgment, the standard becomes more stringent and the moving party is often required to demonstrate that the court usurped its powers or other extraordinary factors.  *See Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 649 (1st Cir. 1972).

62.     However, Rule 60(b) relief is by definition a direct attack on a judgment because it is generally brought in the same court, in the same case, while that case is still pending.  *See Ramey*, 673 F.2d at 318.

63.     And when a judgment is entered by a court that lacks subject matter jurisdiction, the judgment is void as a matter of law and must be vacated.[7]  *United States v. Forma*, 42 F.3d 759, 762 (2nd Cir. 1994) (dismissing judgment in favor of counter-plaintiff on appeal, noting that "if there was no subject matter jurisdiction . . . then the default judgment entered against the [counter-defendant] is void and must be vacated . . . .") (citing Fed. R. Civ. P. 60(b)(4)); *KAO*

---

[7] Some courts suggest that a movant under Rule 60(b)(4) must make an additional showing that the court did not have an arguable basis to accept jurisdiction.  *See In re Acorn Hotels*, LLC, 251 B.R. 696, 702 (Bankr. W.D. Tex. 2000).  Even under this requirement (which generally requires more than error on the part of the court), the Court did not have any basis to accept jurisdiction over the subject matter given the facts in this case and the lack of any evidence of the parties' citizenship, which is the determinative factor under Section 1332(a).

*HWA Shipping Co., S.A. v. China Steel Corp.*, 816 F. Supp. 910, 913 (S.D.N.Y. 1993) ("A judgment is void and subject to vacatur if the court lacks either subject matter jurisdiction or personal jurisdiction . . . .")

### B.   *The Judgments Are Void*

64.   Here, the court did not and does not possess subject matter jurisdiction.

65.   Section 1332(a) and the cases interpreting consistently hold that diversity jurisdiction is not available where <u>all</u> of the parties are foreign citizens.  That is precisely the case here.  The Plaintiffs' complaints and civil cover sheet confirm that the Plaintiffs are foreign citizens and no one has ever suggested otherwise.

66.   The fact that the Plaintiffs asserted that Neves resides in the United States or that Acosta operated in the United States is not determinative.   Residence is generally not a factor in the analysis under Section 1332(a).   Indeed, Section 1332(a) focuses on citizenship.

67.   The Plaintiffs have not asserted that the Defendants are United States citizens.  And as stated multiple times above, the Defendants are not United States citizens or even permanent residents of the United States - and indeed they cannot be in light of Neves' immigration status.

68.   Decisions regarding relief under Rule 60(b)(4) are  clear.  Motions under Rule 60(b)(4) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1).  Nevertheless, virtually any time is "reasonable" for challenges to void judgments under Rule 60(b)(4). *See Hertz Corp. v. Alamo Rent-A-Car, Inc*., 16 F.3d 1126, 1130-31 (11th Cir.1994). Furthermore, "[t]he Supreme Court has stated, regarding a federal court's acquisition of subject-matter jurisdiction, that ... 'a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.' " *Id.* (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de*

*Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)).  In fact, the cases are in legion that a judgment that is void may be challenged at any time.  *Rodd v. Region Constr. Co.*, 783 F.2d 89, 91 (7th Cir.1986) ("[T]he reasonable time criterion of Rule 60(b) as it relates to void judgments means no time limit."); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979) (no time restrictions on a Rule 60(b)(4) motion); *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir.1971) (same); *Austin v. Smith*, 312 F.2d 337, 343 (D.C.Cir.1962) (same).  The Eleventh Circuit has likewise indicated acceptance of this position. *Hertz*, *supra*;  *Battle v. Liberty Nat'l Life Ins. Co.*, 974 F.2d 1279 (11th Cir.1992) (per curiam), aff'g, 770 F.Supp. 1499, 1511-12 (M.D.Ala.1991) (reasonable time limitation inapplicable to a 60(b)(4) challenge), *cert. denied*, 509 U.S. 906, 113 S.Ct. 2999, 125 L.Ed.2d 692 (1993). *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 n. 6 (5th Cir.1988) (correctly observing that " no court has denied relief under Rule 60(b)(4) because of delay") (emphasis added); see, e.g., *Crosby v. Bradstreet Co.*, 312 F.2d 483 (2d Cir. 1963) (vacating void judgment 30 years after entry), *cert. denied*, 373 U.S. 911 (1963); *Kao Hwa Shipping Co.*, 816 F.Supp. at 913 (laches does not apply); *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808 (7th Cir.1969) (entertaining challenge to jurisdiction 13 years after final judgment); *Pacurar v. Hernly*, 611 F.2d 179, 180-81 (7th Cir.1979) (permitting a challenge by a plaintiff 15 months after he became aware of a default judgment entered against him)  *In re Center Wholesale*, 759 F.2d 1440, 1447 (9th Cir.1985) ("[A] void judgment cannot acquire validity because of laches."); *Austin v. Smith*, 312 F.2d 337, 343 (D.C.Cir.1962) (laches never applies, even if delay is five years); *Battle v. Liberty Nat'l Life Ins. Co.*, 974 F.2d 1279 (11th Cir.1992) (per curiam), aff'g 770 F.Supp. 1499, 1511-12 (M.D.Ala.1991) (laches inapplicable to a 60(b)(4) challenge, even if made 13 years after judgment), *cert. denied*, 509 U.S. 906 (1993).

69.     This rule has been applied in situations, as here, where the challenge to the judgment as void is based upon the court's lack of subject matter jurisdiction. *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) (vacating judgment entered in suit between Icelandic citizen and Canadian corporation due to lack of jurisdiction, after more than a year had passed after judgment had been entered); *Lackawanna Refuse Removal, Inc. v. Proctor and Gamble Paper Products Co.*, 86 F.R.D. 330, (M.D. Penn. 1979) ("The general, and almost inflexible, rule is that the claim of lack of subject matter jurisdiction can be made at any time . . . including in a motion made pursuant to Fed. R. Civ. P. 60(b)(4).").

70.     Because these facts impact the exercise of subject matter jurisdiction, because subject matter jurisdiction involves a court's power to hear a case and can never be waived, and because courts have an independent obligation to determine whether subject matter jurisdiction exists, even when not challenged (like the Defendants in this case), this court lacked the power to enter the Judgments against the Defendants. *Arbaugh v. Y&H Corporation*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006).

71.     Based upon the foregoing, the Judgments must be vacated.

WHEREFORE, Neves respectfully requests (i) the entry of an order vacating this Court's: (a) order granting partial summary judgment on counts 2, 4, and 5 of the complaint with respect to liability [D.E. 70], (b) partial judgment on counts 4 and 5 of the complaint with respect to damages, attorneys fees, and costs [D.E. 87, 96, and 130], and (c) writ of execution [D.E. 134]; (ii) the entry of an order dismissing this action for lack of subject matter jurisdiction; and (iii) the entry of such other and further relief as is proper.

**Certificate of Good Faith Conference**

I hereby certify that counsel for the movant is not required to confer with all parties or non-parties who may be affected by the relief sought in this motion because this motion seeks dispositive relief by way of a motion to dismiss (as well as a motion to vacate judgments) which by local rule do not require such a conference. See Local Rule 7.1(A)(3).

Respectfully Submitted this 19th day of February, 2010.

GENOVESE JOBLOVE & BATTISTA, P.A.
Attorneys for Fabrizio D. Neves
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By: ___/s/_____ Michael L. Schuster_____
        Paul J. Battista, Esq.
        Florida Bar No. 884162
        pbattista@gjb-law.com

        Michael L. Schuster
        Florida Bar No. 57119
        mschuster@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion and all exhibits thereto was served via electronic mail this 19th day of February, 2010 upon all parties listed on the below service list.

By: ___/s/___ Michael L. Schuster___
Michael L. Schuser, Esq.

## SERVICE LIST

| | | |
|---|---|---|
| Brett Alan Barfield | Joel L. Tabas | Stephen A. Mendelsohn |
| *Counsel for Plaintiffs* | *Chapter 7 Trustee* | *Former Counsel for Defendants* |
| Holland & Knight | One Flagler Building | Greenberg Traurig et al |
| 701 Brickell Avenue | 14 N.E. 1st Avenue | 5100 Town Center Circle |
| Suite 3000 | Penthouse | Suite 400 |
| Miami, FL 33131 | Miami, Florida 33132 | Boca Raton, FL 33486 |
| Email:brett.barfield@hklaw.com | Email: Joel@tfsmlaw.com | Email: mendelsohns@gtlaw.com |

# EXHIBIT A



NACIONALIDADE BRASILEIRA - NATIONALITE BRESILIENNE - BRAZILIAN CITIZEN

Nome
Nom
Name
**FABRIZIO DULCETTI NEVES**

Sexo
Sexe
Sex
**MASCULINO**

Lugar e data do nascimento
Lieu et date de naissance
Place and date of birth
**BELÉM - PA**

**3 de novembro de 1966**

Filiação
Noms des parents
Father's and mother's name
**LUIZ FERNANDES NEVES E ZAHIA DULCETTI**

**NEVES**

Repartição expedidora - Délivré par - Issued by

**CONSULADO-GERAL**
**DO BRASIL**
**EM MIAMI**

Válido até - Valable jusqu'au - Valid until
**14 / 12 / 2010**

Data da expedição - Délivré le - Issued on
**15 / 12 / 2006**

SELO CONSULAR
REAIS-OURO

SELO CONSULAR
REAIS-OURO

Artur J. S. Oliveira
Cônsul-Adjunto

Nome e cargo do funcionário que concedeu
Nom et qualité de l'agent expéditeur
Name and function of the issuing authority

**Pagou R$ 30,00 ouro**
**equivalente a US$**
**30,00.     Tabela III**

2

3



UNIONE EUROPEA
UNIÓN EUROPEA
DEN EUROPÆISKE UNION
EUROPÄISCHE UNION
ΕΥΡΩΠΑΪΚΗ ΕΝΩΣΗ
EUROPEAN UNION
AN TAONTAS EORPACH
EUROPESE UNIE
UNIÃO EUROPEIA
EUROOPAN UNIONI
EUROPEISKA UNIONEN

REPUBBLICA ITALIANA
REPÚBLICA ITALIANA
DEN ITALIENSKE REPUBLIK
ITALIENISCHE REPUBLIK
ΙΤΑΛΙΚΗ ΔΗΜΟΚΡΑΤΙΑ
THE ITALIAN REPUBLIC
REPUBLIQUE ITALIENNE
POBLACHT NA hIODÁILE
ITALIAANSE REPUBLIEK
REPÚBLICA ITALIANA
ITALIAN TASAVALTA
REPUBLIKEN ITALIEN

PASSAPORTO
PASAPORTE / PAS / REISEPASS / ΔΙΑΒΑΤΗΡΙΟ / PASSPORT
PASSEPORT / PAS / PASPOORT / PASSAPORTE / PASSI / PASS

1

VISA

UNITED STATES OF AMERICA

Issuing Post Name
RIO DE JANEIRO
Surname
NEVES
Given Name
FABRIZIO DULLCETTI
Passport Number
C303702
Entries
M
Annotation

Control Number
20050568010001

Sex
M

Visa Type/Class
R    E2
Nationality
ITLY

Issue Date
18MAR2005

Birth Date
03NOV1968
Expiration Date
16MAR2010

1010

69116670

*

VNUSANEVES<<FABRIZIO<DULLCETTI<<<<<<<<<<<
C303702<<9ITA6811037M1003167E2RDJ01D3H872983

MAR 1 1 2006

JAN 0 2 2005

JUN 1 5 2005

OCT 1 2 2006

MAR 1 9 2005

DEC 0 2007

JAN 1 2 2005

# **EXHIBIT B**



**ORDERED in the Southern District of Florida on February 14, 2010.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

                                          CASE NO.  09-33043-LMI

Fabrizio Dulcetti Neves                       Chapter 7

       Debtor.

_____/

**ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO TAKE CERTAIN ACTIONS IN DISTRICT COURT PROCEEDINGS**

THIS MATTER came to be heard before the Court on February 9, 2010 at 10:30 a.m.

upon the Debtor's *Motion for Authority to Take Certain Actions in District Court Proceedings*[1]

(the "Motion") [C.P. # 188] and the *Limited Response in Opposition to Debtor's Motion for*

*Authority to Take Certain Actions in District Court Proceedings* filed by Creditors Markwood

Investments Ltd. and Golden Dawn Corporation (the "Objection") [C.P. # 194]; and the Court,

having reviewed the Motion, the Objection, and the record in this case; having heard arguments

_____

[1] As used in this Order, the term "District Court" shall mean the United States District Court for the Southern District of Florida. Furthermore, as used herein, the term "District Court Proceedings" shall mean those certain proceedings pending before the District Court under Case No.: 1:08-cv-20381-JJO.

of counsel and of the Chapter 7 Trustee; and having found that good and sufficient cause exists in support of the relief granted herein; accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor is authorized to file and prosecute a motion in the District Court seeking to dismiss the District Court Proceedings and to vacate the judgments entered therein due to a lack of subject matter jurisdiction.

3.      To the extent that the actions authorized to be taken by the Debtor pursuant to this order constitute acts to obtain possession of property of the estate, or of property from the estate, or to exercise control over property of the estate, the Court hereby grants the Debtor relief from the provisions of 11 U.S.C. § 362(a)(3) for cause pursuant to 11 U.S.C. § 362(d).

4.      Notwithstanding the foregoing, nothing in this order shall be construed as a finding that the actions to be taken by the Debtor in the District Court constitute property of the estate pursuant to 11 U.S.C. § 541, nor that such actions would violate 11 U.S.C. § 362(a)(3) absent the stay relief granted herein.

5.      The Court reserves jurisdiction to enforce the terms of this order.

###

Submitted by:
Michael L. Schuster, Esq.
Genovese Joblove & Battista, P.A.
Counsel for the Debtor
100 SE 2nd Street, 44th Floor
Miami, Florida 33131
Phone:  305-349-2300
Fax:  305-349-2310
E-mail: mschuster@gjb-law.com

Copies furnished to:
Michael L. Schuster, Esq.
[Attorney Schuster shall forward a conformed copy of this order to all parties upon whom the Motion was served.]